GEORGE HAW & Co. v. BURCH BROTHERS *et al.*, Defendants, THE OTTUMWA IRON WORKS, J. D. TREBILCOCK, Defendants and Cross-petitioners, Appellants, D. H. BAUM, Defendant and Intervener. C. NEFF *et al.*, Intervener and Appellee.

**Lien Priority:** LABORER'S AND MECHANIC'S. Under Acts Twenty-third General Assembly, chapter 48, providing that, when the property of any firm or corporation shall be seized under process or put in the hands of a receiver, debts owing to the laborer's "shall be considered and treated as preferred, and shall be paid first," labor claimants, who have performed labor for a corporation the property of which has been transferred to a receiver, are entitled to a preference over the holders of mechanic's liens filed against the same property before the corporation acquired it.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, JANUARY 18, 1900.

THIS is a contest over the distribution of funds in the hands of the receiver of the Burch Coal Company. Appellants are the holders of mechanics' lien, and Neff and nineteen other defendants are laborers who did work in and about the mine belonging to the coal company. The trial

court gave their claims precedence, and the appeal is from this ruling.—*Affirmed.*

*McNett & Tisdale, Work & Lewis,* and *Mitchell & Hunter* for appellants.

*Steck & Smith, W. W. Epps,* and *McElroy & Heindel* for appellees.

DEEMER, J.—A firm known as Burch Bros. originally owned a mine in Wapello county, and on September 15, 1896. it made a general assignment of all its property to one Cull, as assignee. On the following day appellants filed their mechanics' liens against the property. On January 2, 1897, the Burch Coal Company was incorporated, and on February 8th the assignee of Burch Bros. sold and conveyed the mining property to this corporation. The corporation took possession of the property, and continued to operate it until the eighth day of March, 1897. During the time that the corporation owned the property, appellees performed labor in and about the mine. On March 8, 1897, plaintiffs and others commenced attachment suits against the corporation, and levied on the property thereof; and a few days thereafter certain of the mechanics' lien holders commenced suits to foreclose their liens. On the twelfth day of March the labor claimants gave notice, accompanied by affidavits, of their claims, and on the next day filed the same with the clerk of the district court of Wapello county. On April 3, 1897, one Sumnour was appointed receiver of the Burch Coal Company, and was ordered to sell its property. The labor claimants then filed petitions of intervention in the receivership proceedings, setting forth the claims held by them. Thereafter the receiver sold all the property of the corporation, receiving therefor the sum of two thousand one hundred and fifteen dollars. The trial court directed that the labor claims be first paid, and it is from this order that the appeal is taken.

Claim is made that holders of mechanics' liens against the property of Burch Bros. are entitled to preference over the labor claimants who performed labor for the Burch Coal Company. Section 1, chapter 48, Acts Twenty-third General Assembly, provides that when the property of any corporation or firm shall be seized by any process of any court of this state, or when their business shall be suspended by the action of creditors, or be put in the hands of a receiver, the debts owing to laborers or servants which have accrued by reason of their labor to an amount not exceeding one hundred dollars to each employe, for work and labor performed within ninety days next preceding the seizure or transfer of such property, shall be considered and treated as preferred debts, and such laborers or employes shall be preferred creditors, and shall be first paid in full. The contention is that as the mechanics' lien holders are creditors of Burch Bros., and as their claims antedate the claims for labor, they are entitled to preference, and that the property of Burch Bros. cannot be taken to pay the debts of the Burch Coal Company. It is argued that, unless the parties are claimants of a common debtor, the statute does not apply, and that, as the mechanics' lien holders obtained their liens prior to the sale of the property to the corporation, the proceeds thereof in the hands of the receiver must first be subjected to the payment of the mechanics' liens. The fault in this argument lies in the fact that mechanic's lien holders are simply lien claimants. The property was transferred to the corporation by the assignee of Burch Bros., subject, it is true, to their claims; but they allowed the corporation to take possession thereof, and to create charges against it, and the sole question relates to the priority of liens on the proceeds of that property, growing out of a sale by the receiver. When the laborers did their work, they were given preference, by statute, over all other lien holders, and the receiver was directed to pay their claims in full. The statute does not say that they shall be creditors

of a common debtor before being entitled to this preference, and we can see no reason for importing that exception into the plain language of the act. Appellants have nothing more than a lien upon the property, created, it is true, by Burch Bros.; but appellees also have a lien or preference, and the statute says, without exception or qualification, that their claims must be preferred and paid in full. Not the property of Burch Bros., nor the property of these appellants, is taken, but the property of the Burch Coal Company, on which each of the contestants have a lien. And the simple question is, which claims are to be preferred? The statute furnishes no uncertain answer. That appellants' liens antedate the claims held by appellees is not controlling. *Reynolds v. Black,* 91 Iowa, 1.

While appellants had no enforceable contract against the coal company, they did hold an enforceable lien against its property, and in the enforcement of that lien they are subject to all statutory preferences. The case is not different from one where a mortgage is given covering property with or upon which laborers afterwards perform work. In such case, there is no doubt but that the laborers are entitled to precedence. The whole fault with appellants' argument rests on the assumption that the Burch Coal Company never owned the property. It did own it in virtue of its purchase from the assignee. This ownership was subject to the mechanics' liens placed upon it by the creditors of Burch Bros. before the sale by the assignee, and this is all the basis there is for appellants' contention. If appellants desired to protect themselves as against the labor claims, they should have commenced their action to foreclose, or taken some other steps to preserve their rights. Having stood by, and seen these laborers at work with property on which they held a lien, they cannot now be heard to say, in the face of this statute, that their property is being taken to pay another's debt. Had Burch Bros. remained the owners and employed these laborers, there

is no doubt that the claims for labor would have been preferred, even if they entirely defeated appellants' claims for mechanics' liens. And we can see no reason for applying a different rule simply because there was a change in ownership. Our conclusions find support in the following cases additional to the one already cited: *Mitchell v. Burwell,* 110 Iowa, 10; *St. Paul Title Insurance & Trust Co. v. Diagonal Coal Co.* 95 Iowa, 551; *Bell v. Hiner,* 16 Ind. App. 184 (44 N. E. Rep. 576). The judgment is AFFIRMED.

GRANGER, C. J., not sitting.