### In re SLOMKA et al.

(Circuit Court of Appeals, Second Circuit.   April 16, 1903.)

No. 149.

1. BANKRUPTCY—PRIORITY OF DEBTS DUE FOR WAGES—APPLICATION OF STATE STATUTE.

Laws N. Y. 1897, p. 772, c. 624, § 29, which provides that in all distributions of assets under general assignments for creditors wages for services rendered within one year prior to the execution of the assignment shall be preferred, does not entitle employés of a bankrupt to have wages earned within one year preferred under Bankr. Act July 1, 1898, c. 541, § 64, cl. 5, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448], which allows priority for "debts owing to any person who by the laws of the states or United States is entitled to priority," as the state statute does not purport to give employés priority except when the estate is distributed under a general assignment.

2. SAME—ASSIGNMENT FOR CREDITORS WITHIN FOUR MONTHS—EFFECT.

An assignment for creditors executed within four months of the filing of a petition in bankruptcy is a preference, within section 67, Bankr. Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], and void, and the property of the debtor passes to the trustee in bankruptcy free from all liens or trusts created by or resulting from it.

3. SAME—EXCLUSIVENESS OF SPECIAL PROVISION.

Bankr. Act July 1, 1898, c. 541, § 64, cl. 5, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448], allowing priority for "debts owing to any person who by the laws of the states or United States is entitled to priority," does not apply to debts for wages, as the exclusive rule in regard to such debts is supported by clause 4, which allows priority for wages earned within three months before the commencement of the proceedings.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy. For opinion below, see 117 Fed. 688.

Joab H. Banton, for petitioner.

Isidore Wiskind, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge.   The order under review allowed priority of payment out of the assets of the bankrupt to debts owing to employés of the bankrupt for wages, notwithstanding the wages were not earned within three months before the commencement of the proceedings in bankruptcy.   These wages had been earned prior to April 14, 1900.   On that day the bankrupt made a general assignment for the benefit of his creditors.   The petition in bankruptcy was filed July 16, 1900.   The court below ordered priority in view of the state statute, which provides that in all distributions of assets under general assignments for the benefit of creditors the wages or salaries actually owing to the employés of the assignor for services rendered within one year prior to the execution of the assignment shall be preferred before any other debts.   Laws N. Y. 1897, p. 772, c. 624, § 29.

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 283.

The only provisions of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) which permit any priority between creditors in the distribution of the assets are those found in section 64, and of these the only ones applicable to the present question are clauses 4 and 5. Clause 4 allows priority for "wages due workmen, clerks or servants which have been earned within three months before the date of the commencement of the proceedings, not to exceed $300 to each claimant." Clause 5 allows priority for "debts owing to any person who by the laws of the states or the United States is entitled to priority." The court below was of the opinion that the claimants were entitled to priority under the laws of the state, and that their debts were within the enumeration of clause 5. We cannot assent to this conclusion.

The state statute does not purport to give employés a lien upon the property of the employer for wages, nor to give them priority over other creditors of the debtor, except when the debtor's estate is distributed by an assignee under a general assignment. In that event it impresses the fund in the hands of the assignee with a trust. Richardson v. Thurber, 104 N. Y. 606, 11 N. E. 133. If the estate is not distributed under the assignment—as, for instance, if the assignment should be set aside for fraud, or for invalidity otherwise—the provision is nugatory. There was no priority here, because the conditions essential to its recognition did not exist. The assets were not in course of administration under a general assignment. Moreover, by the bankrupt law the assignment was void, having been executed within four months prior to the filing of the petition in bankruptcy. Such a transfer by an insolvent debtor is made with intent to hinder, delay, and defraud creditors within the meaning of section 67, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], because its necessary effect is to defeat the operation of the bankrupt act and the rights of creditors to such an administration of the assets of the debtor as that act is intended to secure. In re Gutwillig, 34 C. C. A. 377, 92 Fed. 337; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. The assignment being void, it is as though it had never been made, and the property of the debtor passed to the trustee in bankruptcy free from all liens or trusts created by or resulting from it.

If by the state law the debts were within the general description of clause 5, § 64, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448], we are of opinion that the clause would not apply, and that the terms of clause 4 supply the exclusive rule for determining what debts for wages are entitled to priority. No principle of statutory construction is better settled than that which displaces the application of general provisions to a particular subject when there are specific provisions applicable to it in the same act. The subject of claims for wages is specifically regulated by clause 4, and its provisions express the particular intent of Congress regarding priority for such claims. As these confine the priority to wages earned within three months before the commencement of the bankruptcy proceeding, debts like the present are not included. We agree upon this question with the

decision of the Circuit Court of Appeals for the Seventh Circuit in Re Rouse, Hazard & Co., 33 C. C. A. 356, 91 Fed. 96, and for the reasons which are so satisfactorily stated in the opinion in that case. We have given due consideration to the decision by the Circuit Court of Appeals for the Sixth Circuit in Re Laird, 48 C. C. A. 538, 109 Fed. 550, but we are unable to regard it as correct.

The order is reversed, with costs, and directions to the court below to enter an order disallowing priority to the claimants.