In re BURTON BROS. MFG. CO.

(District Court, N. D. Iowa, Cedar Rapids Division.   January 16, 1905.)

No. 472.

1. BANKRUPTCY—LABOR CLAIMS—PREFERENCE—STATE LAWS.

Code Iowa 1897, § 4019, provides for a preference of claims for labor earned within 90 days next preceding the seizure or transfer of property belonging to the master, etc., to the extent of $100, and section 4020 provides that any employé desiring to enforce such claim at any time after seizure of the property, and before sale is ordered, shall present to the officer levying on the property, or to the receiver, trustee, assignee, or court having custody thereof, or from which the process issued, a statement under oath, showing the amount due after allowing all just credits, etc. *Held*, that where labor claimants procured executions to be levied on the bankrupt's property on judgment recovered on their claims, which executions were dissolved by the bankruptcy adjudication, as provided by Bankr. Act July 1, 1898, c. 541, § 67c (1), 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], but claimants failed to present any statement of their claims, as required by Code Iowa 1897, § 4020, they were not entitled to preferred payment from the bankrupt's estate as against unsecured creditors.

2. SAME—PERFORMANCE OF LABOR—TIME.

Where only a part of a claim against a bankrupt for labor was for services performed within three months prior to the commencement of the bankruptcy proceedings, the claimant was only entitled to priority for such part as was earned within such time, under Bankr. Act July 1, 1898, c. 541, § 64, subd. b (4), 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], providing for the priority of wages due to workmen earned within three months before the commencement of bankruptcy proceedings, etc.

In Bankruptcy.

On petition of Stanley Zbanek and Frank Robins for review of orders of referee denying to each of them priority of payment of their respective claims from the bankrupt estate.

The Burton Bros. Manufacturing Company was adjudged bankrupt by this court upon a petition filed August 20, 1904. Each of the petitioners filed a claim against that estate upon a judgment not exceeding $100 in his favor against the bankrupt dated June 18, 1904, when it was insolvent. The proof of each claim shows that the judgment was upon a debt due the petitioners, respectively, from the bankrupt, for labor performed within 90 days next preceding the date of the judgment; that an execution was issued on each judgment June 18, 1904, and placed in the hands of an officer, who on the same day levied the executions separately upon certain property of the bankrupt: that $20 of the claim of Zbanek was earned within three months next preceding the filing of the petition in bankruptcy; that the remainder of such claim, and all of the Robins claim, was earned more than three months before the filing of such petition. The referee allowed the petitioner Zbanek priority of payment as to $20 of his claim, and refused to so allow the remainder thereof, or any of the Robins claim. Each of the petitioners ask that the orders of the referee be reversed, and that he be allowed priority of payment of his entire claim.

Crosby & Fordyce, for petitioners.

REED, District Judge.   The petitioners base their right to priority of payment of their respective claims from the bankrupt estate upon sections 4019, 4020, 4021, and 4022 of the Code of Iowa of 1897, which are as follows:

"Sec. 4019. When the property of any company, corporation, firm or person shall be seized upon by any process of any court, or placed in the hands of a receiver, trustee or assignee for the purpose of paying or securing the payment of the debts of such company, corporation, firm or person, the debts owing to employés for labor performed within the ninety days next preceding the seizure or transfer of such property, to an amount not exceeding one hundred dollars to each person, shall be a preferred debt and paid in full.
\* \* \*

"Sec. 4020. Any employé desiring to enforce his claim for wages at any time after seizure of the property under execution or writ of attachment and before sale thereof is ordered, shall present to the officer levying on such property or to such receiver, trustee or assignee, or to the court having custody of such property, or from which such process issued, a statement under oath, showing the amount due after allowing all just credits and set-offs, and the kind of work for which such wages are due, and when performed.
\* \* \*

"Sec. 4021. [Provides for a contest of the labor claims.]

"Sec. 4022. Claims of employés for labor, if not contested, or if allowed after contest, shall have priority over all claims against or liens upon such property, except prior mechanics' liens for labor in opening or developing coal mines as allowed by law."

These sections give the right and prescribe the terms upon which a wage-earning employé may have priority of payment of a debt owing to him by his employer for labor to the amount of $100 from the property of such employer. The right so given is statutory, and while the statute should be liberally construed so as to effect its purpose it must be substantially complied with or the right is not secured. In order that the employé may have such priority of payment of his debt, the property of his employer must have been (1) seized upon process issued by a court; or (2) placed in the hands of a receiver, trustee, or assignee for the purpose of paying or securing the payment of the debts of such employer; (3) the employé must then present either to the officer making the levy, the court from which the execution issues, or which has custody of the property, or the receiver, within the time stated, the sworn statement required by section 4020. These sections, as construed by the Supreme Court of Iowa, when complied with, give priority of payment to the wage-earning employé, to the amount stated, from the property of the employer which has been so seized upon execution, or placed in the hands of a receiver, trustee, or assignee, over all other liens upon such property (except certain mechanics' liens) and other creditors of the employer. Reynolds v. Black, 91 Iowa, 1, 58 N. W. 922; St. Paul Title & Trust Co. v. Diagonal Coal Co., 95 Iowa, 551, 64 N. W. 606; Haw v. Burch, 110 Iowa, 234, 81 N. W. 460.

Neither of the petitioners ever presented to the officer making such seizure, or to the court from which the execution issued, the sworn statement required by section 4020 of the Code, nor in any other manner complied with the provisions of the above-named sections. They apparently relied solely upon the levy of their executions upon the property to secure payment of their judgments, and nothing further seems to have been done after such levy and prior to August 20, 1904, when the petition in bankruptcy was filed against the judgment debtors. The adjudication of bankruptcy upon that petition dissolved the liens of the petitioners acquired by the levy of their executions upon the property of

the bankrupt. Section 67c (1), Bankr. Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449].

To have secured and preserved the right or liens given them by the state statute the petitioners should have complied with the provisions of that statute, and had they done so such right or lien might have been recognized and enforced by the court of bankruptcy. Section 64 b (5), Bankr. Act, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]. Not having done so, the only lien they had was that acquired by the seizure of the property under their executions. When such liens were dissolved by the adjudication of bankruptcy, they were left upon a level with the other unsecured creditors of the bankrupt.

The debt of each of the petitioners (except as to $20 of that due Zbanek) is for labor performed more than three months before the commencement of the bankruptcy proceedings. It therefore cannot be allowed priority of payment under the bankruptcy act, except as to such $20 (section 64b [4], 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), and this was so allowed by the referee. It follows that the order of the referee in each case must be and is approved.