## In re HUNTENBERG.

(District Court, E. D. New York. May 4, 1907.)

1. INFANTS—CONTRACTS—AVOIDANCE.
   A contract of an infant is voidable only; the infant being entitled to elect whether or not he will avoid the contract, either during minority or within a reasonable time after he reaches majority.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, § 151.]

2. SAME—CONSIDERATION—RETURN.
   On avoiding a contract, an infant must return the consideration, so far as it may be in his possession.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, § 157.]

3. BANKRUPTCY—PREFERRED CLAIMS.
   Where an infant obtained a bill of sale from a bankrupt to secure advances, and after his claim of preference by virtue of such bill of sale had been disallowed he elected to disaffirm the same because of his infancy, he was then only entitled to prove his claim for advances as a general creditor.

4. SAME—WAGES.
   A claimant against a bankrupt's estate is not entitled to a preference for wages earned more than three months prior to the commencement of the bankruptcy proceedings, as provided by Bankr. Act July 1, 1898, c. 541, § 64, subd. 4, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447].

In Bankruptcy.

Isidor Buxbaum, for claimant.

Richard P. Aldcroftt, Jr., for trustee.

CHATFIELD, District Judge. In this proceeding one Henry Batter filed a claim for $1,020 cash advances made to the bankrupt between the 8th of April, 1905, and the 20th day of July, 1906, and a claim for wages for eight weeks, amounting to $104, for services rendered to the bankrupt. The advances of cash were loans made to the bankrupt while he was conducting a grocery store. On or about August 20, 1906, the bankrupt executed and delivered a bill of sale to the said Henry Batter, which was duly filed August 20, 1906, and covered the stock, chattels, fixtures, horse, wagon, etc., of the grocery business above referred to. On the 13th day of September, 1906,

Christian Huntenberg was adjudicated a bankrupt, and thereafter a receiver was appointed, who took possession of the property. A sale was had, and the proceeds retained by the receiver pending the determination of the rights of the said Henry Batter to the proceeds of the sale in place of the said store.

The record shows that the said Henry Batter filed a claim with the referee as a preferred creditor because of his bill of sale, and this claim for priority was disallowed, inasmuch as possession of the property was not given at any time prior to the bankruptcy. The claimant, Batter, was not in possession when the receiver took the property into his charge. The claimant has now obtained an order directing the trustee to show cause why the various amounts claimed by him should not be paid by the trustee, and sets up the proposition that he was and has been at all times an infant; that as such his contract, evidenced by the bill of sale, was voidable; and that he desires to exercise the privilege of an infant and to rescind the contract. This he claims renders the transaction absolutely void, and entitles him to the return of the money advanced and the amount due as wages.

Upon the return of the order to show cause the matter was referred to the referee in bankruptcy as special master, and he has reported that, of $104 claimed as wages, $96 was for a period some three months before the bankruptcy, and that for this the claimant is not entitled to a preference; that as to the advances made the infant, Batter, having abandoned his claim of title under the bill of sale, should be treated on the same basis as the other creditors. The special master reports that the claimant testified that he had been working at the store at various periods before the bankruptcy, that he made the advances above referred to to help the bankrupt out when he was "way behind" and had to do something to "keep up," and that therefore the said Henry Batter knew of the insolvency at the time of the bill of sale, and that the said bill of sale was given to Batter for the purpose of creating an unlawful preference. The special master reports that under the bankruptcy act he finds no authority allowing an infant the right to rescind a contract and obtain priority thereby, and therefore recommends that the claimant, Batter, receive the sum of $8 wages, and that as to the other amounts he should be treated as a general creditor.

The report of the special commissioner should be confirmed, and the matter disposed of as found by him, on all of the grounds, unless the infancy of the claimant allows him to obtain different treatment from that which an adult would receive. It is undoubtedly true that an infant's contract at one time was considered absolutely void; but the tendency of the law has been to regard contracts and transactions of infants as voidable only, and at the present time the infant has no more than a right to elect whether or not he will avoid the contract, either during minority or within a reasonable time after he reaches majority. Tucker v. Moreland, 10 Pet. 58, 9 L. Ed. 345; MacGreal v. Taylor, 167 U. S. 688, at page 696, 17 Sup. Ct. 961, at page 963 (42 L. Ed. 326). On avoiding the contract, the infant must

153 F.—49

return consideration, so far as it may be in his possession. Mac-Greal v. Taylor, supra.

The reason for this doctrine is that courts of law, in giving an infant the right to avoid his contract, have acted as if exercising the original chancery jurisdiction relating to infants' estates. In trying to do equity, and in determining what relief can be granted, the court considers whether the parties can be restored to their original positions, or whether innocent third parties have acquired rights to the property. In doing this the court aims to protect the infant, and not allow him to be taken advantage of before he reaches the age at which he becomes responsible for all of his conscious transactions. But the bankruptcy law is intended for the relief of an honest bankrupt, and at the same time for the protection of his creditors, and equal distribution of whatever assets he had within the times covered by the provisions of the statute. As between the bankrupt and the infant, the contract certainly could be avoided, and the infant restored as far as possible to his original position. A conveyance showing the giving of title by an infant, or a transfer subject to equities, could be avoided, and the property followed in the hands of third parties; but it is considered never to have been the law that if the property cannot be traced, or if the person with whom the voidable contract was made did not have it in his power to make restitution, transactions with innocent third parties could be opened in order to find property with which to reimburse the infant. And so in the present case, the creditors' rights having intervened, and the status of all the parties having been established by the filing of a petition in bankruptcy, the infant's contract can be avoided only to the extent of allowing him to prove a claim to the amount of his advances, for money had and received.

An infant may avoid a usurious contract, and sue for a loan under a contract for money had and received. Millard v. Hewlett, 19 Wend. (N. Y.) 301. Upon such a claim he would share with the other general creditors. This is in effect giving him his privilege as an infant to revoke his contract. Without such privilege he would be compelled to stand upon what he received from the bill of sale; and this being fraudulent, and he apparently having knowledge of the transaction, he might have no claim which could be proved as against the other creditors for his advances. It would seem that all the right which could be claimed by him is to be protected from the consequences of his knowledge of the bankrupt's situation, and to be allowed to put in his claim for the money he paid in return for the bill of sale.

As to the wages, also, it is evident that the amount of $96 thereof is outside the provisions of subdivision 4 of section 64 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), and therefore not a preferred claim.