The very fact that such enactment was deemed necessary by Congress is persuasive that prior thereto such action could only be brought in accordance with the acts conferring jurisdiction upon the Circuit Courts of the United States, to wit, the act of March 3, 1887 (Act March 3, 1887, c. 373, 24 Stat. 552), as corrected by the act of August 13, 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), the material part of which is as follows:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought, only in the district of the residence of either the plaintiff or the defendant."

In addition, the amendment of 1910 does not confer jurisdiction upon pending suits. The use of the words "may be brought" clearly indicates that it refers to actions to be commenced after its passage. In addition, also, it is a general proposition of law that statutes will not be given a retroactive effect or apply to pending cases unless they relate to procedure merely, or are so expressed in the act. As said by Mr. Justice Clifford in Twenty Per Cent. Cases, 20 Wall. 187 (22 L. Ed. 339):

"Even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless the language employed expresses a contrary intention in unequivocal terms."

I am of the opinion that the amendment of 1910 was not retroactive, and did not confer jurisdiction upon this court over the defendant. Had plaintiff elected to proceed without amendment of his statement or declaration, the benefits which he hoped to have by reason of the employer's liability act, which are unnecessary to be stated, might have been lost to him. He insisted upon the amendment, and as well asserts that the original statement sets forth a cause of action under the statute. The jurisdiction sought was not founded only upon diverse citizenship.

The motion of the plaintiff is overruled.

---

## In re DUNN.

(District Court, N. D. New York. September 29, 1910.)

BANKRUPTCY (§ 348*)—DEBTS ENTITLED TO PRIORITY—SUFFICIENCY OF CLAIM.
   A statement in a claim filed against the estate of a bankrupt that it is for "wages due deponent as clerk and manager and is a preferred claim" is not sufficient to entitle the claimant to priority of payment, in the absence of either statement or proof that such wages were earned within three months before the filing of the petition.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 348.*]

In the matter of John F. Dunn, bankrupt. On motion to vacate order of referee, and for allowance of claim as a preferred claim. Motion denied.

Motion to vacate and set aside the order of the referee allowing the trustee's report and discharging him, and for an order requiring the referee and trustee to pay Louis C. Peck, claimant, his claim of $82.76 in full as a preferred claim.

A. L. Graff, for claimant.

Lewis, Watkins & Titus, for trustee.

F. J. De La Fleur (A. G. Senior, of counsel), for referee.

RAY, District Judge. The petition of Louis C. Peck states that by an order of the referee the first meeting of creditors was directed to be called and held on the 16th day of October, 1908, and that a notice of such meeting was duly published, and that September 30, 1908, the "said referee mailed to each creditor a notice of said first meeting of creditors"; that such meeting was held October 16, 1908, and Clarence D. Stetson, Esq., was selected as trustee and his bond fixed at $1,500. December 22, 1908, said Peck filed his claim for $82.76 with the clerk of this court, alleging therein as follows:

"That the said J. F. Dunn, the person by whom a petition for adjudication of bankruptcy has been filed, was at or before the filing of said petition, and still is, justly and truly indebted to said Louis C. Peck in the sum of eighty-two 76/100 dollars (82.76). That the consideration of said debt is as follows: Wages due deponent as clerk and manager and is a preferred claim. That the date of maturity of said debt is about August 24, 1908. That no note has been received nor judgment recovered therefor. That no part of said debt has been paid. That there are no set-offs or counterclaims to the same. That said creditor has not, nor has any person by order of said creditor, or to the knowledge or belief of said deponent for the use of said creditor, received any manner of security for said debt whatever."

There was no suggestion in such claim that it was for "wages due" to him as a clerk and manager which had "been earned within three months before the commencement of" (bankruptcy) "proceedings," and on this motion no proof of that kind is produced or offered. The "wages due deponent as clerk and manager" may have been earned a year before or two years, and may have been earned while in the employ of some other person as affidavits presented in behalf of the trustee and referee indicate the fact was.

The statement, "and is a preferred claim," is a mere conclusion, and not equivalent to a statement that he was clerk and manager for John F. Dunn or in his employ, or that the "wages" were "earned within three months before the date of the commencement of proceedings." Section 64 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) tells what claims have priority, and subdivision "b" says:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt's estates, and the order of payment shall be, * * * (4) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant," etc.

Proof of claim must state facts which show the claim to be entitled to preference or priority of payment. It is not sufficient to say in the claim that the debt therein mentioned is "preferred" or a "preferred claim." Even on this motion it is not stated that Peck was in the

employ of Dunn in any capacity within the three months of the filing of the petition, or that the wages claimed were earned within such three months. July 5, 1910, the trustee filed his final account, and the final meeting of creditors was called for August 2, 1910, and notice given to this claimant, Peck, in the manner prescribed by law. At that meeting the order of distribution, etc., was made. Peck did not appear.

As it was not made to appear to the trustee or referee or to this court, and has not on this motion been made to appear, that Peck had or has a claim against the estate of John F. Dunn entitled to priority of payment, and, so far as appears, the final dividend ordered was and is right and was mostly paid before this motion was made, and during the pendency of the proceedings Peck made no effort to ascertain whether his claim had been allowed as one entitled to priority, and as the facts shown by the trustee and referee establish that Peck was not in the employ of Dunn at the time of the commencement of the bankruptcy proceedings, and that the store where he was employed was owned and in the possession and being run or conducted by another person, the motion is denied.

---

## In re FOSTER.

(District Court, D. Vermont. September 5, 1910.)

BANKRUPTCY (§ 258*)—SALE OF PROPERTY—MORTGAGED PROPERTY—RIGHTS OF MORTGAGEE.

Property of a bankrupt incumbered by mortgage liens given in good faith and duly recorded more than four months prior to the filing of the petition, which it is provided by Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), "shall not be affected by this act," should not be ordered sold by the trustee, unless it appears that the liens will not be affected, and that the sale will benefit the estate. Where such liens were nearly twice the appraised value of the property and the mortgagee made no claim against the estate, a sale was not justified and should be set aside, nor can the mortgagee be charged with the expense thereof.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 258.*]

In the matter of Fred G. Foster, bankrupt. On review of orders of referee. Orders set aside.

V. A. Bullard, for petitioner.

Henry Brockway, trustee, in pro. per., and F. H. Clark, for trustee.

MARTIN, District Judge. Petition by G. E. Smith for review of the orders made by the referee relating to the sale of certain real estate in which the petitioner is interested as mortgagee, and the assessment of expenses thereon to said petitioner. This cause came on for hearing at chambers, Brattleboro, Vt., August 29, 1910, at 2 o'clock p. m. V. A. Bullard, Esq., appeared for G. E. Smith, and Henry Brockway, the trustee, appeared in person, with F. H. Clark, Esq., his attorney.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes