## In re UNIT LOCK CO.
### No. 1123-B.

District Court, N. D. Oklahoma.
April 10, 1931.

Mauzy & Coppedge, of Tulsa, Okl., for trustee in bankruptcy.

G. Ellis Gable and Kleinschmidt & Johnson, all of Tulsa, Okl., for petitioners.

KENNAMER, District Judge.

A petition for review of an order of the referee in bankruptcy brings this case up for decision. The facts, over which there is no controversy, are that the bankrupt is a corporation, and while operating its business, employed a number of employees. The bankrupt was engaged in the manufacture of locks.

Claimant, the Frates Company, is in the insurance and bonding business, as an agency for various insurance and bonding companies, and, as such, wrote certain policies of compensation, public liability, and fire and tornado insurance for the bankrupt. It has filed its claim for the sum of $90.32 as a general or unsecured claim for unpaid premiums on policies of public liability, and fire and tornado insurance, about which there is nothing for review before the court. It also filed a claim for the sum of $225.58, claiming priority for this sum for unpaid premiums on policies of compensation insurance, which premiums accrued on September 1 and 2, 1929.

Certain laborers are asserting claims for priority on account of services performed by them in the regular course of their employment to the corporation. None of said services, and none of the insurance premiums for compensation insurance accrued or became due because of insurance written or labor performed within four months preceding the filing of the bankruptcy proceedings against the corporation. Claimants ask that their claims be allowed and paid in the order of priority provided for under section 64b (7) of the Bankruptcy Act, as amended by Act May 27, 1926, § 15 (11 USCA § 104 (b) (7). The claims were allowed by the referee as general or unsecured claims, but denied priority. This ruling of the referee constitutes the objection of the claimants for which the petition to review was filed.

On December 23, 1929, in an action pending in the district court of Tulsa county, Okl., a receiver was appointed for the corporation; the business of the corporation was operated by the receiver under the order of the appointing court, until the intervention of the bankruptcy. On April 23, 1930, an involuntary petition in bankruptcy was filed against the corporation in this court, and on April 30, 1930, a receiver was appointed in

the bankruptcy proceeding. The bankruptcy receiver superseded the state court receiver and continued to operate the business of the bankrupt. On June 30, 1930, an order was entered in the bankruptcy proceeding adjudging the corporation to be bankrupt, and shortly thereafter its assets were sold and converted into cash under the order of the bankruptcy court.

It was agreed that the premiums for insurance for which priority was claimed, accrued within three months prior to the appointment of the receiver in the state court, but not within three months prior to the filing of the petition in bankruptcy. One of the grounds alleged in the petition for the adjudication of bankruptcy was the appointment of the receiver in the state court. The receiver appointed by the state court was in charge of the assets of the bankrupt from the time of his appointment to the time of the appointment of the receiver in bankruptcy. The facts further disclose that there was no adjudication of insolvency of the corporation in the state court receivership proceedings. The first adjudication of insolvency was the adjudication in bankruptcy. The evidence shows that no statement of a claim of lien upon any of the assets of the corporation was ever filed by the claimants, as provided by the state laborer's lien law, and no attempt was ever made to enforce the claim of the Frates Company, or any of the laborers, during the pendency of the state court receivership, which existed for a period of four months prior to the filing of the petition in bankruptcy.

Section 7307, Compiled Oklahoma Statutes 1921, as amended by section 10, chapter 61, Session Laws of Oklahoma 1923, provides: "The right of compensation granted by this Act, and any claim for unpaid compensation insurance premium, shall have the same preference or lien, without limit of amount against the assets of the employer as is now or hereafter may be allowed by law for a claim for unpaid wages for labor."

By virtue of the above statutory provision, the claim of the Frates Company for unpaid premiums for compensation insurance places it in the same position and gives it the same status as laborers. Its claim can therefore be considered along with the claim of laborers, all of which seek priority. The applicable provisions of the Oklahoma statute should be considered in order to determine the question presented.

Section 1, chapter 106, Session Laws of Oklahoma 1927, is as follows: "Section 1.

When any corporation, formed under the provisions of the laws of the State of Oklahoma, or any corporation doing business within this State shall become insolvent, the employees performing labor or services of whatever character in the regular employ of such corporation, shall have a lien upon the assets of such corporation for the amount of salary or wages due them, not exceeding four (4) months' salary or wages which shall have accrued prior to the adjudication of the insolvency of such corporation. Which lien shall be paid prior to any other debts, charges or claims against said corporation, except taxes due the United States Government or the State of Oklahoma. The word 'employees' shall not be construed to include any of the officers of such corporation."

Section 7468, Compiled Oklahoma Statutes 1921, affords a lien to laborers for unpaid wages, independent of any contingencies, such as the adjudication of insolvency, as required in the above quoted statute. It is as follows:

"7468. *Lien Created.* Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for the same, shall have a lien on the production of their labor, for such work and labor; Provided, that such lien shall attach only while the title to the property remains in the original owner.

"7469. *How Enforced.* The lien provided for in this act may be enforced as in an ordinary action or by attachment proceeding as provided in the Code of Civil Procedure.

"7470. *When Lien Attaches.* Liens under the provisions of this act are in full force and effect from and after the time the labor is performed.

"7471. *Time for Enforcement.* The proceedings under this act shall be commenced within eight months after the work is done.

"7472. *Priority of Lien.* Liens created under this act shall take precedence over all other liens whether created prior or subsequent to the laborer's lien herein created and provided."

■ Section 64b (5), Bankruptcy Act, as amended by Act May 27, 1926, § 15, 11 USCA § 104 (b) (5), provides that laborers shall be entitled to priority on account of their claim for services performed within three months immediately prior to the adjudication in bankruptcy, but not exceeding $600. Subdivision 7 of the same section and subsection of the Bankruptcy Act requires the payment of "debts owing to any person who

by the laws of the States or the United States is entitled to priority." The Oklahoma statute, as set forth above, clearly places a claim for unpaid premiums for compensation insurance on the same basis as a claim of a laborer for unpaid wages. It then becomes necessary to determine whether a laborer is entitled to a lien or priority under the statutes of Oklahoma, or whether the applicable provision of the Bankruptcy Act concerning priorities for unpaid wages of laborers, is to determine the rights in bankruptcy. If the provisions of the Oklahoma statute are to govern, then a construction of that statute becomes necessary. However, I am of the opinion that the provisions of the Bankruptcy Act relating to priorities for unpaid wages are to govern, unless the assets of the bankrupt are charged with liens by operation of the state law, or by adjudication of the state courts, prior to the adjudication in bankruptcy. In other words, if the assets come into the bankruptcy court charged with liens then in existence, the bankruptcy court must receive the assets subject to existing liens. If the assets come to the bankruptcy court free of liens, then the Bankruptcy Act must govern, where provision is made therein for the particular subject or claim for priority.

Considering section 1 of chapter 106, Session Laws of Oklahoma 1927, provision is made for employees performing labors or services for a corporation for a lien upon the assets, for the amount of salary or wages due them, not exceeding four months salary or wages, which shall have accrued prior to the adjudication of insolvency. The act applies only to corporations, and creates a lien in favor of employees only upon the contingency of the adjudication of insolvency of the corporation. The act, standing alone, is ineffective to create liens in favor of employees or laborers until there is an adjudication of insolvency. However, provision is made in section 7468, Compiled Oklahoma Statutes 1921, for a lien for laborers for unpaid wages. This provision of the statute is not self-executing, but the laborer or employee is compelled to perform the requirements of the statute in order to perfect his lien. Such legislation is intended to protect the laborer, and give him the advantage of priority and liens over the general creditors. In order to avail himself of its benefits, he must meet the requirements of the statute in order to perfect his lien. If he has not done so and the corporation is adjudged insolvent, then he is given a lien by operation of law, but his lien and priority

is limited to four months' wages. The statutory enactment does not state what four months' salary or wages shall be entitled to priority or lien, excepting that it shall have accrued prior to the adjudication of insolvency. It does not indicate whether the four months' salary or wages shall be those immediately prior to the adjudication, or may be any four months' salary or wages.

If the view is to be taken that any four months' salary or wages are to be entitled to priority, then its provisions may conflict with the general statutes, which limit the time within which proceedings shall be commenced, and the diligent laborer, or the laborer who is employed immediately prior to the adjudication of insolvency, may be required to share the priority afforded him with a laborer who has performed services many months or years prior to insolvency, and who has not been diligent in prosecuting his claim for lien and payment. To limit the laborer to the four months immediately prior to the adjudication of insolvency appears to be the reasonable and proper construction to be placed upon the above quoted statutory provision. The law aids the diligent, and if a laborer who depends upon his wages for his livelihood is to be protected, certainly the protection is founded upon the necessity of receiving his wages for his sustenance. If the statute is to accomplish its purpose and is to aid laborers, it seems that those laborers are to be given priority who performed their services immediately prior to the adjudication of insolvency. Adequate provision is made for laborers obtaining liens and priorities for unpaid wages earned for services rendered more than four months, as the statute provides for eight months after the performance of the work in which to enforce the lien. Therefore, the special statutory provision relating to corporations is designed to protect laborers performing services four months immediately prior to the adjudication of insolvency.

In the instant case, it is conceded that the labor was performed and the claim for unpaid premiums on compensation insurance accrued more than four months prior to the adjudication of insolvency, and more than four months prior to the adjudication of bankruptcy.

Furthermore, if the Oklahoma statutes gave laborers a lien for four months' services, without regard to the time the services were performed, still the claims to priority in this case should be denied because the services were not performed and the unpaid pre-

miums for compensation insurance did not accrue three months immediately prior to the adjudication of bankruptcy. It is a well-settled principle of statutory construction that when a special provision is made, it displaces the application of general provisions to the particular subject which is treated in the specific provision. The subject of claims for wages is specifically regulated by the Bankruptcy Act and its provisions express the intent of the legislative body enacting it with respect to priority for such claims. The general provision allowing priority for debts owing to any person who, by the laws of the state or United States, is entitled to priority, must be limited to those which are not included in specific provisions of the act.

This question has been passed upon by the Circuit Court of Appeals for the Second Circuit in Re Slomka, 122 F. 630. The Seventh Circuit Court of Appeals passed upon the question in Re Rouse, Hazard & Co., 91 F. 96, and held that the specific provisions of the bankruptcy law governed and that wages of laborers earned more than three months before the commencement of proceedings are not entitled to priority, although the laws of the particular state granted priority to such claims, without any limitation as to the time of their accrual.

The same principle has been followed by the District Courts in the following cases: In re Crown Point Brush Co., 200 F. 882; In re McDavid Lumber Co., 190 F. 97; In re Inglis Manufacturing Co., 292 F. 907; In re Caledonia Coal Co., 254 F. 742.

In the case of In re Slomka, supra, the court states that they were unable to regard In re Laird (C. C. A.) 109 F. 550, 557, as correct. In Re Laird, the Sixth Circuit Court of Appeals held: "It is undoubtedly true that the bankrupt act has made provision for the payment of certain perferred claims, and that the provision of that act in administering an estate in bankruptcy supersedes the state law upon the same subject; but where the lien has attached before the fund has been turned over to the bankruptcy court, and is not one avoided by the act, it will be respected, although it may have arisen under a state statute."

Judge Day in this case was construing the Ohio law giving employees a lien for three months' wages accruing preceding the placing of the employer's property in the hands of an assignee, receiver, or trustee over general creditors. It was clearly stated in the opinion that the lien was one created by the state statute and was not such a lien as was avoided or nullified under section 67 of the Bankruptcy Act 1898, subsecs. (c) and (f), 11 USCA § 107 (c) and (f). Subsection (c) which avoids liens obtained in a suit at law or in equity, nor does such statutory lien come within subsection (f) of the same section relating to levies, judgments, attachments, or other liens, obtained through legal proceedings against a person insolvent, at any time within four months prior to bankruptcy.

It may be here observed the opinion holds that the provisions of the Bankruptcy Act are paramount over the state law involving the amount of wages entitled to preference but recognizes and holds enforceable liens created by operation of law and not within the class avoided under the Bankruptcy Act. The conclusion reached is in no manner in conflict with the principle that the specific provisions of an act govern and supersede general provisions. The reasoning of the opinion is sound, and I fail to observe any material conflict in this opinion with the case of In re Slomka, supra.

The order of the referee in bankruptcy is affirmed, and the claim of the Frates Company and the laborers, whose claims accrued more than three months prior to the commencement of proceedings in bankruptcy, are denied priority.