## In re STANDARD WOOD PRODUCTS CO.
### No. 10051.

District Court, M. D. Pennsylvania.
April 8, 1941.

William Henry Smallock, of Williamsport, Pa., for claimant.

John C. Youngman, of Williamsport, Pa., for trustee.

JOHNSON, District Judge.

This is a petition by Jacob C. Brown to review a referee's order disallowing as a priority Brown's claim for wages earned while in the employ of the bankrupt.

The facts are that on February 15, 1939, the bankrupt ceased operations as a business concern. At that time the company owed claimant $300 wages earned by him within the three months immediately preceding the suspension of operations. October 16, 1939, Brown brought suit before an Alderman on his wage claim, obtained

22

judgment, and on October 17, 1939, issued attachment on moneys of the bankrupt then on deposit. On the return day of the writ, November 3, 1939, the garnishee bank answered, admitting a sufficient fund of the bankrupt on deposit to satisfy claimant's judgment. Before this answer, on October 27, 1939, the company filed a voluntary petition in bankruptcy, and the estate has subsequently been administered in this court. At the first meeting of creditors claimant filed a preferred claim for $300 wages, to which the trustee objected and has continued to object. The referee allowed the claim as a general claim only, and from that order claimant has petitioned for review.

Claimant argues that he is entitled to priority either under the provisions of section 64, sub. a(2), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2), or under the provisions of sections 64, sub. a(5) and 67, sub. b of the Act, 11 U.S.C.A. § 104, sub. a(5), and 107, sub. b.

Section 64, sub. a(2), gives priority to "wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding * * *." Section 1(13) of the Act states that "* * * 'commencement of proceedings' * * *, with reference to time, shall mean the date when the petition was filed."

Claimant contends that the word "before" does not mean "immediately preceding" and that the word "proceeding" does not necessarily mean "bankruptcy proceeding".

The great weight of authority uniformly holds that "before" does mean "immediately preceding", and that "proceeding", in the light of the definitions of the Act, does mean "bankruptcy proceeding": In re Rouse, Hazard & Co., 7 Cir., 91 F. 96; In re Rouse, D.C., 91 F. 514; In re Flick, D.C., 105 F. 503; In re B. H. Gladding Co., D.C., 120 F. 709; In re Slonka, 2 Cir., 122 F. 630; In re Burton Bros. Mfg. Co., D.C., 134 F. 157; In re Huntenberg, D.C., 153 F. 768; In re McGowin Lumber Co., D.C., 223 F. 553; In re Caledonia Coal Co., D.C., 254 F. 742; Stanley Works v. Gourland Typewriter Mfg. Co., D.C., 278 F. 995; In re Dunn, D.C., 181 F. 701; In re Unit Lock Co., D.C., 49 F.2d 313; In re Marshall Paper Co., 1 Nat.Bankr.News. 294; In re Union Planing Mill Co., 2 Nat. Bankr.News 384.

Claimant cites several cases from the state of Maryland: In re Rodgers & Garrett Timber Co., D.C., 22 F.2d 571; Manly v. Hood, 4 Cir., 37 F.2d 212; In re Reliable Furniture Mfg. Co., D.C., 32 F.2d 805. These cases hold that "before" means "immediately preceding", and that "proceeding" may mean "insolvency proceedings under the state law", where such state insolvency proceedings immediately precede and result in bankruptcy in the Federal courts. Accordingly, these cases allow priority to wage claimants for wages earned within three months immediately preceding state insolvency proceedings which were followed by bankruptcy. All those cases allow priority for three months immediately preceding the commencement of *some* insolvency proceeding, whether it be under state or federal statutes. In the present case there were no insolvency proceedings of any sort involving this bankrupt corporation until it filed its voluntary petition.

Claimant contends that since Pennsylvania has no state receivership proceedings, the fact of insolvency alone should be sufficient to constitute "commencement of proceedings" in Pennsylvania. Pennsylvania does have an insolvency act, and in proceedings under that act a receiver may be appointed: 1901, Pa.P.L. 404, 39 P.S.Pa. § 1 et seq. The Circuit Court of Appeals for the Third Circuit has held that this Pennsylvania act is in force and not in conflict, but rather in harmony with the national bankruptcy law, and that insofar as the Pennsylvania act is not in conflict with the national bankruptcy law it stands in full force and effect: In re McElwain, 296 F. 112; Fidelity-Philadelphia Trust Co. v. Philadelphia-Girard National Bank, 33 F.2d 649. Had the Pennsylvania Act of 1901 been invoked before this bankrupt filed its voluntary petition, then a similar situation to that of the Maryland cases might have been presented, but, on the facts, the Maryland decisions do not support claimant's definition of "commencement of proceeding". Sound reasoning dictates that the existence of insolvency in fact, if it did exist, does not constitute the "commencement of the proceeding" as used in the Bankruptcy Act. Claimant's wages not being earned within three months prior to the filing of the bankrupt's voluntary petition, his claim for priority under section 64, sub. a(2), cannot be sustained.

Secondly, claimant contends he is entitled to priority under the provisions of sections 64, sub. a(5), and 67, sub. b, of the Bankruptcy Act. Section 64, sub. a(5), accords priority in payment to "debts owing to any person * * * who by the laws of the United States [is] entitled to priority * * *." Section 67, sub. b, provided that notwithstanding the provisions of section 60 of the Act, "* * * statutory liens in favor of employees * * * created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy * * *."

Claimant has no priority under section 64, sub. a(5), because he is not claiming under any law of the United States.

Section 67, sub. b, provides that certain statutory liens may be valid against a trustee. This means that once such liens have arisen they will be preserved unless certain contingencies occur.

The Pennsylvania Act of 1872, P.L. 47, as amended, 43 P.S.Pa. § 221 et seq., provides that all moneys due for labor and services rendered by certain classes of persons, one of which includes claimant, for any period not exceeding six months preceding the sale or transfer of the real or personal property of the employer by execution or otherwise, on account of the death or insolvency of such employer, shall be a lien upon said real or personal property, and shall be preferred and first paid out of the proceeds of the sale of such real or personal property, the claim thus preferred not to exceed two hundred dollars.

Quoting from claimant's brief: "It has been held under the provisions of this Act the "sale and transfer" must be effected in consequence of some legal process. Therefore, it necessarily must follow that the claim here would not be entitled to priority by virtue of the state law". Pressel v. Bice, 142 Pa. 263, 21 A. 813; Wilkinson v. Patton, 162 Pa. 12, 29 A. 293; Brown v. German-American Title & Trust Co., 174 Pa. 443, 34 A. 335.

By the above statement claimant admits his claim is not entitled to priority under the state law, and yet it must be entitled to such priority to have the lien preserved under the provisions of section 67, sub. b of the Bankruptcy Act. The claimant, therefore, has not shown his lien should be preserved under the provisions of section 67, sub. b.

Claimant then relies upon his judgment and attachment execution as creating a valid lien in his favor. Claimant admits, and the referee has found as a fact, that the judgment was obtained and the execution issued within four months prior to the filing of the bankrupt's voluntary petition and while the bankrupt was insolvent. Section 67, sub. a(1), of the Bankruptcy Act provides that where these conditions concur, such liens shall be deemed null and void.

Claimant contends that liens so obtained do not automatically become null and void upon the filing of a petition in bankruptcy, but that to render them null and void the trustee must take some affirmative action with that end in view. Claimant cites the case of Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764, and argues that the trustee here failed to follow the procedure outlined in that opinion, and that, therefore, he still has a valid lien arising out of his judgment and execution.

In the case of Fischer v. Pauline Oil & Gas Co. the Supreme Court held that while the Act unequivocally declares that liens obtained within four months of bankruptcy shall be deemed null and void, they shall be deemed so only when certain conditions exist. In the present Bankruptcy Act these conditions are that the lien was obtained within four months of bankruptcy and while the person against whom the lien was obtained was insolvent: Section 67, sub. a(1). The court also held that these conditions create issues of fact between the trustee and the claimant which the parties have a right to have judicially determined, and that the trustee has certain courses open to him, one of which is to apply in the bankruptcy cause to restrain enforcement. This was under the Bankruptcy Act prior to the amendment of 1938. Under the present Act, section 67, sub. a(4), vests summary jurisdiction in the bankruptcy court to hear and determine, after notice to the parties in interest, all questions affecting the validity of the lien: Fischer v. Pauline Oil & Gas Co., supra, 309 U.S. page 302, note 11, 60 S.Ct. 535, 84 L.Ed. 764. This is exactly what has been done in this case. Since the filing of this claim the trustee has continuously objected to its allowance as a priority and demanded that the bankruptcy court determine the validity

cf the lien and the alleged priority. He has followed the necessary procedure and the court has determined that no priority claim is allowable.

For the foregoing reasons it is ordered that the petition for review be, and it is hereby, denied and dismissed, and it is further ordered that the claim of Jacob Brown be, and it is hereby denied as a priority claim against. the bankrupt estate, and that the said claim be, and it is hereby allowed as a general claim only against said estate.