**DIVISION OF LABOR LAW ENFORCE-MENT, STATE OF CALIFORNIA, v. SAMPSELL.**

No. 11939.

United States Court of Appeals
Ninth Circuit.

Feb. 3, 1949.

Pauline Nightingale and Edward M. Belasco, Attorneys, Division of Labor Law Enforcement, both of Los Angeles, Cal., for appellant.

McLaughlin, McGinley & Hanson, Frank Weller and James A. McLaughlin, all of Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellant, on behalf of a number of employees of the bankrupt named in the caption, filed a claim for their unpaid wages. The claim included sums representing compensation for earned but unused vacation time. The referee found that one-fourth of the amount claimed in lieu of vacation had been earned during the three months' period immediately preceding the bankruptcy, and to this extent he gave the claim a preferred position pursuant to § 64 sub. a(2) of the Bankruptcy Act, 11 U.S. C.A. § 104, sub. a(2). The remaining three-fourths of the amount representing earned vacation was allowed as a general claim only. This disposition was approved by the court on review.

The employees concerned were members of one or the other of two unions each of which had a collective bargaining agreement with the bankrupt. The vacation clause of one of these agreements provided that those who had been employed for one year or more were to receive a week's vacation with forty hours' pay, the vacation to be taken at a time mutually agreeable to the employee and the employer. The other bargaining agreement was substantially the same except that vacations were to be taken during July, August, or September, and except it provided that "there shall be no pro-rata vacation." While the record is sketchy and incomplete, it perhaps sufficiently discloses that the bankruptcy of the employer ensued shortly after the employees completed their year's eligibility period to qualify for vacation for the year 1946-47, and none had had his vacation.

Section 64, sub. a(2) gives priority to "wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen," etc. Appellant's contention is that the condition precedent to the earning of vacation pay by an employee under either collective bargaining agreement in effect here was the completion of a year's period of continuous service with the employer; and since the designated period of service was completed by each employee during the three months' period prior to bankruptcy, the entire vacation pay was then earned, hence the whole was entitled to priority status under the statute.

We think otherwise. Under the terms of the statute the compensation claimed must have been earned within the three months' period and also must be due.[1]

---

[1] In re Ko-Ed Tavern, 3 Cir., 129 F. 2d 806, 810, 142 A.L.R. 357; In re Unit Lock Co., D.C., 49 F.2d 313, 315, 316; In re Caledonia Coal Co., D.C., 254 F. 742; In re McGowin Lumber Co., D.C., 223 F. 553; In re Huntenburg. D.C., 153 F. 768; In re Dunn, D.C., 181 F. 701; in re Burton Bros. Mfg. Co., D.C., 134 F. 157; In re B. H. Gladding Co., D.C., 120 F. 709; In re Flick, D.C., 105 F. 503; In re Slomka, 2 Cir., 122 F. 630; In re Rouse, Hazard & Co., 7 Cir., 91 F. 96.

402

If any employee here had not, prior to bankruptcy, completed a year's continuous service no compensation for vacation time would have been due him, regard being had to the wage agreement. All having completed the required year's service prior to bankruptcy, vacation compensation may fairly be regarded as due even though the vacation was not to be taken until some later time; but the vacation had been earned by the performance of the entire year's service, and only one-fourth of it earned during the three months preceding bankruptcy. We see no more justification for giving priority to vacation pay conditionally accruing prior to such three months' period than for giving priority to straight wages earned prior thereto. The proviso in one of the contracts (and the record does not show to which of the employees that contract pertains) that "there shall be no pro-rata vacation" is of no help in determining how much of the vacation pay shall be allowed as a prior claim under the bankruptcy statute.

The rule adopted below seems to us a fair principle to be followed. In re Public Ledger, 3 Cir., 161 F.2d 762; In re Willow Cafeterias, Inc., 2 Cir., 111 F.2d 429; Kavanas v. Mead, 4 Cir., 171 F.2d 195. It approximates the wording and does no violence to the spirit of the statute.

Affirmed.