**In the Matter of RANALEX CORPORATION, Debtor.**

**No. 54443.**

United States District Court E. D. New York.

July 22, 1958.

Max H. Frankle, New York City, for petitioner.

Philip J. Ruffo, New York City, of counsel.

Palmer, Masia & Palmer, New York City, for debtor.

Louis P. Rosenberg, Brooklyn, N. Y., for Creditors' Committee.

BRUCHHAUSEN, District Judge.

This is a petition for review of the order of Hon. Louis J. Castellano, Referee in Bankruptcy, dated April 30, 1958 in an arrangement proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The debtor instituted the proceeding by filing his voluntary petition on November 30, 1957.

The facts are not disputed. The petitioner, a labor Union represents thirty-six employees. The Union filed claims with the Referee for vacation pay, alleged to be due to the employees, pursuant to a collective bargaining agreement made between the Union and the Debtor, dated February 14, 1955, which entitled them to vacations with pay, ranging from one-half a week for workers employed for six months as of December first of the vacation year to one week and two days vacation pay for those employed for three years as of that date. Such vacations were given to the workers between Christmas and the first week in January.

The issue presented is that of priority of the claims. The Referee's order provides for priority to the extent of 25 percent of each of the claims, the remaining 75 percent of each claim being allowed as a general unsecured claim. The Referee held that the claims were governed by Section 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2) which entitles a workman to priority for wages, not exceeding $600, earned

within three months before the date of the proceeding and followed the rule construing the statute, set forth in the cases of United States v. Munro-Van Helms Co. Inc., 5 Cir., 243 F.2d 10 and Division of Labor Law Enforcement, State of California v. Sampsell, 9 Cir., 172 F.2d 400.

The petitioner contends that the Referee erred in failing to allow the amount, as fixed in the collective bargaining agreement and also claims that the workmen are entitled to full priority under Section 64, sub. a(1) of the Act in that the wages constituted an administration expense of the bankrupt's estate.

There is no issue pertaining to the collective bargining agreement. It is conceded that the agreement was in effect at the time of the filing of the petition. However, all contracts, whether in the nature of collective bargaining or otherwise are entered into subject to the provisions of existing law and particularly to the event of bankruptcy of the contracting parties or any of them.

The cases of In re Wil-low Cafeterias, 2 Cir., 111 F.2d 429 and Matter of Public Ledger, 3 Cir., 161 F.2d 762, cited by the petitioner, are readily distinguishable. Orders therein were made for continuance of the businesses during the period of the estates' administration and the services of the employees were rendered during that time, whereas in the case at bar, the services applied to a period predating the filing of the petition. The distinction between these two different factual situations is pointed out at pages 768 and 769 of the said Public Ledger case, viz.:

> "All of the claims in Re Wil-Low Cafeterias, Inc., were allowed the priority of administration expenses, since all of the service was given to the trustees in their handling of the business. This, as has been seen, is not so in our case, and this difference, we think, effects the priority to be accorded the claims in our case. * * *

"* * * It follows with perfect logic that the vacation pay so earned before the trustees took charge does not constitute wages as administration expenses, because the service was not given during the reorganization period, and it follows logically that vacation pay earned under the trustees' management does constitute administration expense, and is within the priority such status entitles it to enjoy."

In the case at bar, the vacation pay was earned before commencement of judicial administration of the estate, and hence could not be classed an expense of administration.

The Referee's order is confirmed.