### In the Matter of MERGENTIME, INC., Debtor.

United States District Court
S. D. New York.
May 2, 1963.

Louis P. Rosenberg, Brooklyn, N. Y., for petitioner.

Ehrich, Stock, Valicenti, Leighton & Holland, New York City, for respondent.

McLEAN, District Judge.

This case turns upon the meaning of the word "earned" as used in Section 64a(2) of the Bankruptcy Act (11 U.S.C. § 104(a) (2)), i. e., whether vacation pay is earned at the same moment as the right to receive it accrues. The Referee's finding that the vacation pay was earned when the right accrued, i. e., at the end of the 125-day period specified in Section 10B of the collective bargaining agreement, is actually a conclusion of law or at most a finding of ultimate fact and is not such a finding as is binding upon this court unless clearly erroneous. United States v. Munro-Van Helms Company, Inc., 243 F.2d 10 (5th Cir., 1957).

---

* The figures used throughout are those actually used in testimony of the experts.

The Referee's conclusion is supported by 3 Collier on Bankruptcy § 64.203 and by In re Kinney Aluminum Co., 78 F.Supp. 565 (S.D.Cal.1948). But In re Kinney Aluminum Co., supra, was apparently overruled, implicitly though not expressly, in Division of Labor Law Enforcement v. Sampsell, 172 F.2d 400 (9th Cir., 1949). The Referee's conclusion appears to be contrary to that reached in Division of Labor Law Enforcement v. Sampsell, supra, and in United States v. Munro-Van Helms Company, Inc., supra. I am unable to distinguish those cases as the Referee attempted to do. To my mind, it makes no difference whether the period at the end of which the employee's right to vacation pay accrues is one year, i. e., 365 days, as in Sampsell and Munro, supra, or 125 days, as here. In those cases, as in this one, the period ended within the three months prior to the filing of the petition. The court in those cases held that despite the fact that the employee's right accrued within the three-months' period, the entire vacation pay was not "earned" during that period.

Collier on Bankruptcy, supra, says that those decisions are wrong. In the absence of any pertinent authority in this circuit, however (and none has been cited by the Referee or the parties or discovered by the court), I feel that I should follow them. Accordingly, I hold that the vacation pay was not earned all at once when the right to payment accrued at the expiration of the 125 days, but was earned continuously over the entire 125-day period as the services were performed. This interpretation gives more effect to Section 10A of the collective bargaining agreement than the Referee's interpretation does.

It does not follow, however, that the employees are entitled to priority for one-fourth of their total vacation pay. That fraction was used in the cases cited because in those cases the period during which the employees were required to work in order to receive vacation pay was one full year, of which the three-months' period specified by Section 64a

(2) is one-fourth. Here the period is not one year, but 125 days, and moreover, under this collective bargaining agreement, once an employee has worked 125 days, it makes no difference, as far as vacation pay is concerned, whether he works another day or not. Thus, the portion of his vacation pay which an employee earned in the three-months' period, i. e., the period from February 18 to May 18, 1962, depends upon the number of days worked from February 18 until the day when he reached his total of 125. Each employee is thus entitled to priority for that portion of his total vacation pay which this number of days bears to 125. I am unable to make this computation, since the papers before me do not contain the necessary data.

The order of the Referee is reversed and the case is remanded to the Referee for further proceedings in accordance with this opinion.

So ordered.