**In re BIG HORN FASTENER COMPANY, INC., Debtor.**

**Bankruptcy No. 80 B 545 Mc.**

United States Bankruptcy Court, D. Colorado.

Sept. 28, 1982.

Helen R. Stone, Boulder, Colo., trustee.

Vincent R. Atencio, Englewood, Colo., for Stewart N. Bumgardner.

**ORDER RESCINDING IN PART AND AFFIRMING IN PART THIS COURT'S PREVIOUS ORDER DISALLOWING CLAIM**

JOHN F. McGRATH, Bankruptcy Judge.

The question presented before this Court for determination is whether or not a claim for one month's vacation pay claimed as earned within ninety days of the filing of

**244**

the bankruptcy petition is entitled to a priority claim under 11 U.S.C. § 507(a)(3).

Bighorn Fastener Company, Inc. ceased doing business on February 7, 1980, and filed a voluntary petition in bankruptcy on February 13, 1980. On December 21, 1981, a hearing in this matter was set upon the Trustee's Objection to claim # 23 in the amount of $2,000.00 filed by Stewart N. Bumgardner. One Thousand Dollars of this claim was for salary for Mr. Bumgardner for January of 1980 and $1,000.00 for vacation pay for the year 1979. Mr. Bumgardner asked for a priority claim under § 507(a)(3) for this entire amount.

At the hearing on December 21, 1981, this Court entered an Order allowing the $1,000.00 for the January, 1980 wages as a priority claim and declared the $1,000.00 for 1979 vacation pay was not a priority claim but would be allowed as a general unsecured claim.

Thereafter on June 21, 1982, Mr. Vincent R. Atencio, attorney for Stewart N. Bumgardner, filed a Motion to Rescind Order Disallowing Claim.

This matter was heard on September 13, 1982. The parties stipulated that neither Mr. Bumgardner nor his attorney received notice of the December 21, 1981 hearing. The parties further stipulated that under the terms of Mr. Bumgardner's employment agreement he was to receive one month's vacation pay of $1,000.00 after one year's employment. It was further stipulated that the year ended on January 31, 1980, and that the bankruptcy petition was filed February 13, 1980.

The issue presented is if the completion of the one year's employment (which was a prerequisite to earning the one year's vacation pay) during the ninety days preceding the filing of the petition makes Mr. Bumgardner's claim eligible for priority under § 507. The Trustee argues that this vacation pay is in fact earned over the entire twelve month period and only the amount accrued during the 90 days is entitled to priority. The attorney for Mr. Bumgardner argues that since under the conditions of the agreement the vacation pay was not

payable until January 31st, the entire amount was not earned until that date. Since January 31st was within the 90 days preceding the bankruptcy the entire month's pay should therefore be a priority claim, under his reasoning.

■ Vacation pay is specifically included under 11 U.S.C. § 507 but the determining factor is when this pay accrued. Under the old Act § 64(a)(2), case law indicated the priority to vacation pay is limited to ¼ of annual vacation pay earned over the previous year. *In re Public Ledger, Inc.,* 161 F.2d 762 (3rd Cir. 1947); *U.S. v. Munro-Van Helms Co.,* 243 F.2d 10 (5th Cir. 1957). The general rule in these cases is that vacation pay is earned from day to day. There seems to be no reason this would not apply to the new Rule. *3 Collier on Bankruptcy,* 15 Ed. § 507.04(3).

A union contract providing for vacation pay was at issue in *In the Matter of Schatz Federal Bearings Co., Inc.,* 5 B.R. 549 (Bkrtcy.S.D.N.Y.1980). The Court stated that the right to the vacation pay is determined by the contract but the amount of this pay to be given priority is to be determined by the bankruptcy court. The court remarked that the law is well settled that vacation pay is earned from day to day on an accrual basis, and that therefore a claimant is entitled to priority under § 64(a)(2) (the old Act) for wages earned only for ³⁄₁₂ of the total vacation pay and the rest is merely a claim without priority. (Citing *Munro-Van Helms,* supra; *Straus-Duparquet, Inc. v. Local 3, International Brotherhood of Electrical Workers,* 386 F.2d 649 (2d Cir. 1967).

The entire amount of vacation pay was held to be a priority expense in *In re Stunzi, U.S.A. Inc.,* 7 B.R. 401 (Bkrtcy.W.D.Va. 1980). But there are distinguishing facts. In this instance the agreement between the union employees and the employer called for the employees to work 520 hours during the year and to also be employed on June 1st to earn the vacation pay. The business ceased operating on April 4th. The Court held that employees who had worked the

520 hours were employed when the business ceased on April 4th had earned their entire vacation pay. In this instance the court pointed out that the employees had worked the 520 hours between January 1st and April 4th, the 90 day period preceding the cessation of the business, and therefore the entire vacation pay was found to be a priority claim.

The employment contract required that employees work a continuous 125 day work period to earn their vacation pay in *In re Mergentime, Inc.,* 217 F.Supp. 887 (S.D.N.Y. 1963). In comparing the amount of priority these employees were entitled to with prior cases such as *In re Kinney Aluminum Co.,* 78 F.Supp. 565 (S.D.Cal.1948) and *Division of Labor Law Enforcement v. Sampsell,* 172 F.2d 400 (9th Cir. 1949), this court pointed out that the ¼ factor was used in instances where the vacation pay was accrued over a year's time. Since in *Mergentime* 125 days was the required employment time these employees were found to be entitled to priority for that proportion of vacation pay which the number of continuous days worked in the 90 days preceding bankruptcy bore to 125 days.

■ Mr. Bumgardner's agreement required that he work for one year to earn his vacation pay. We therefore conclude that this pay accrued from day to day over the year and that Mr. Bumgardner is entitled to ³⁄₁₂ (or ¼) of the amount of his one year's vacation pay as a priority claim. That is, he is entitled to the vacation pay that accrued in the 90 days before the business ceased operating on February 7, 1980, as a priority claim. The balance of the $1,000.00 is an unsecured claim.

WHEREFORE, IT IS ORDERED that the Order of this Court of December 21, 1981, is set aside with regard to the amount of vacation pay actually accrued in the 90 days before the business ceased operation on February 7, 1980. This amount of $250.00 shall be granted a priority under 11 U.S.C. § 507(a)(3). The balance of $750.00 vacation pay shall be an unsecured claim against the estate, and it is

FURTHER ORDERED that claim no. 23 filed by Stewart N. Bumgardner is allowed in the amount of $1,250.00 entitled to priority pursuant to section 507(a)(3) and $750.00 as a general unsecured claim.