### In re LAWSAM ELECTRIC CO., Inc.

### Ex parte BERMAN.

(District Court, S. D. New York.   July 12, 1924.)

Bankruptcy ⬥348—Priority of claim for wages; radio designer held not "workman" or "servant."

> One employed by bankrupt as a chief designer of radio sets, and to supervise their manufacture in accordance with his designs, *held* not entitled to priority of payment of a claim for his services as a "workman" or "servant," under Bankruptcy Act, § 64b(4), being Comp. St. § 9648.

> [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Servant; Workman.]

In Bankruptcy.   In the matter of the Lawsam Electric Company, Inc., bankrupt.   On petition to revise the order of a referee refusing priority in bankruptcy under section 64b (4) being Comp. St. § 9648, to Harold Berman, claimant for wages as a workman or servant. Affirmed.

Robert Barko, of New York City, for petitioner.
Maurice L. Shaine, of New York City, for trustee.

LEARNED HAND, District Judge.   The only evidence originally given on the issue raised was this: The claimant was employed as "chief engineer on design," "as radio engineer and designer," "to design radio sets and supervise manufacture."   Later, after the referee had indicated his opinion, this testimony was added: "He would ask me to design a machine for him, and I would do so by means of a model or by putting it on paper."   The claimant would supervise his plans or designs, and see that they were complied with.   He went to Elizabeth, N. J., and helped the people in charge there.   However, he was not the superintendent of the factory, nor the manager of the office, nor did any men work under him.   He only worked under the orders of the president of the corporation.

It seems clear that the referee was right, and that it would be an abuse of terms to speak of the claimant as a workman or a servant. A supervising "chief designer" is not in the same economic class as the workers who follow his designs and do the actual manufacture. The statute was intended to favor those who could not be expected to know anything of the credit of their employer, but must accept a job as it comes, to whom the personal factor in employment is not a practicable consideration.   The claimant is not in such a class.   He was independent, left to his own initiative, expected to exercise personal imagination, and to see to the execution of his own ideas.   He would have been the first to resent the notion that he was a workman or a servant.

Petition dismissed; order affirmed.