[L. A. No. 12785. In Bank.—September 13, 1933.]

KEVO ATOWICH et al., Appellants, v. MAX ZIMMER et al., Respondents.

Joseph M. Wapner for Appellants.

Henry O. Wackerbarth, Wheeler & Wackerbarth and Henry E. Carter for Respondents.

WASTE, C. J.—The appellants, husband and wife (plaintiffs below), entered into a contract with respondent Max Zimmer (one of the defendants below), hereinafter referred to as the contractor, wherein and whereby the latter agreed to erect and construct for plaintiffs a certain building and to remove and remodel another structure situated on the same premises, for the agreed sum of $23,400. The respondent Fidelity & Deposit Company of Maryland executed a bond in favor of plaintiffs containing the usual guaranties that all things incumbent upon the contractor would be done and performed in accordance with the contract, plans and specifications. The contractor did not construct the

building entirely according to the plans and specifications. On completion of the building, however, plaintiffs took possession and accepted it from the contractor. Some time after its acceptance and occupancy by the plaintiffs, it was discovered that the walls of the building had settled, and that there was a noticeable deflection in the floor of the second story. ▮ Plaintiffs brought this action against the contractor and his surety to recover damages caused by reason of the omission of certain features called for by the plans and specifications, the cost of making necessary repairs to the walls and floor of the second story, and depreciation in value of the property by reason of the alleged faulty construction. Incidentally, also, relief was sought against other parties in relation to certain payments made by plaintiffs to the contractor on account of the contract. Judgment was rendered for the defendants.

The trial court has made lengthy and explicit findings, including therein, in some instances, practically a recital of the testimony educed at the trial. The first and general contention of appellants is that the findings are not supported by and are contrary to the evidence, and that the evidence is insufficient to support the judgment. A reading of the record of the evidence and an examination of the contentions of both appellants and respondents lead us to the belief that the contention is not borne out by the record. So far as the record is concerned, the evidence material to the issues presents, rather, a question of the weight to be given to the testimony of the various witnesses. For that reason, we deem it unnecessary to enter into a discussion of the testimony in the case.

An objection to the sufficiency of the findings of fact and conclusions of law urged by the appellants relates to the second finding of the trial court, the effect of which is that the plans and specifications for the work to be performed by the contractor were, in fact, prepared at the instance and request of the plaintiffs. We are of the view that the evidence as a whole supports the trial court, and that its conclusions in that regard were correct.

It appears from the findings that after the plans and specifications were submitted to the owners, and after bids had been received by them for the doing of the work, certain changes had to be made to meet the objections of the

building inspector of the city of Glendale. That matter being settled, the contractor entered upon the performance of his contract, and proceeded with the work. After part of the work had been performed, the plaintiffs secured the services of Elmer Elliott, a man of experience, as an inspector or foreman, to supervise for them the erection and construction of the building from that point to its completion. The work was completed, and the plaintiffs accepted the building and took possession on or about the eleventh day of December, 1928. Between that time and the date of the trial of the action, it was discovered that a portion of the brick walls on the northerly and westerly sides of the building had settled. The finding of the trial court on this matter is that the walls "settled as a result of the soil or dirt under said walls not being of sufficient strength or texture to sustain the weight thereof upon a foundation of the width supporting said walls, and in this respect the court finds that the foundation under said walls was of the width and thickness as provided by the plans and specifications, and that said defendant Max Zimmer in the erection and construction of said brick walls and the foundation thereunder fully complied with said plans and specifications and that . . . the settlement occurring in said walls and foundation was not the result of a failure on the part of said defendant Max Zimmer to comply with said plans and specifications." Evidence supporting this finding is that the contractor who performed the brick work in the construction and erection of the building and his foreman plumbed the outside brick walls after the walls had been erected to the second story, and after the second story walls had been finished, and again upon the completion of the building, on which occasions they found the walls to be perpendicular; on which evidence the court finds "that upon the completion of the erection and construction of the building the brick walls were plumb and perpendicular and that none of said walls were out of plumb or leaning".

Some time after the plaintiffs took possession of and accepted the building, a deflection or settlement occurred in the floor of the second story. As to this matter the court finds that there was no such deflection or settlement at the time the plaintiffs took possession and accepted the building, but that such deflection when it did occur was "due to the

failure to use a sufficient number of joists and timbers to support or maintain the second floor and that said joists and timbers were not placed close enough together''; but that in this respect the joists and timbers used and installed ''were of the size as provided for in the plans and specifications and the same were spaced at the distance provided for in the plans''. From these facts the court further finds that the deflection or settlement in the floor of the second story of the building ''was not due to the failure of the defendant Max Zimmer to install said joists or timbers or to erect and construct the second story or any part of the building in accordance with the plans and specifications'', but that in the erection and construction of the second floor and the use of joists, timbers, flooring and other lumber the defendant fully complied with the plans and specifications under which the building was erected and constructed.

The contractor did not construct the building in exact accordance with the plans and specifications in that four telephones leading from apartments to the lobby entrance were omitted, one electric door opener was omitted, certain storerooms and garages were omitted, and certain work was done in a manner and form slightly different from that called for in the plans and specifications. In this behalf the court finds that before making any changes and before performing work in a manner and form different from that called for in the plans and specifications, the contractor conferred with and consulted Elliott, the agent and superintendent of the plaintiffs, and the changes, alterations and omissions were made with the consent and approval of the plaintiffs given by and through their agent Elliott. There is a further finding that in the erection and construction of the building ''there was a substantial compliance with the contract, plans and specifications by the defendant Max Zimmer''. Before leaving this subject, we may note that there is evidence, including that of the plaintiffs' expert, Taylor, that the contractor erected the building ''in the way it was designed'', and that the plans and specifications conformed to the ordinances of the city of Glendale.

Upon the completion of the building, the contractor made a demand for payment for certain services and extra work not called for in the contract, plans and specifications. At a meeting, at which were present the plaintiff Lena Atowich,

768

the plaintiffs' superintendent Elliott, and their attorney, this claim was adjusted by the amount being reduced and by the allowance by the contractor to the plaintiffs of certain credits for omissions and changes in the work. Any and all deviations and omissions by the contractor from the contract, plans and specifications were found by the trial court to have been consented to and approved by Elliott, the agent and superintendent for the plaintiffs. Also, that at the time the contractor delivered possession of the premises to plaintiffs, certain defects complained of in the action were not present or apparent.

In view of the conclusion we have reached, that the findings noted, and others of less importance, dispose of the issues joined by the parties, and that the evidence as a whole supports the findings and judgment, little need be said on the questions of law raised on the appeal. The contractor erected the structure according to the plans and specifications except in the particulars found by the trial court to have had the approval of the plaintiffs, and there was a substantial compliance with the contract. As to the changes, alterations and omissions, those items were adjusted, and in the settlement between the contractor and the owners, the owners accepted a credit of $800 on the contractor's claim for extras in settlement of their counterclaims for the changes, alterations and omissions. ■ Furthermore, the owners' acceptance and taking possession of the completed structure was coincident with the settlement of the contractor's claim and the counterclaims of the owners for changes, alterations and omissions, and, in the absence of any showing of fraud or mistake, neither of which is urged, was a waiver of any claim of damages on account of nonperformance in any particular. (*Mannix* v. *Wilson,* 18 Cal. App. 595, 601 [123 Pac. 981].)

■ The right of the contractor in this case to recover on his contract as against the owners, and to defend against the claims of the owners asserted in this action, is, we think, fully established in this jurisdiction. Aside from the fact that the failure to strictly comply with the contract in the particulars noted was settled and adjusted in the determination of the reciprocal claims of contractor and owners for extras, on the one side, and omissions, changes and alterations on the other, the old rule of strict compliance urged

by the appellants has been modified and relaxed in this jurisdiction. A complete discussion of that subject will be found in *Thomas Haverty Co.* v. *Jones*, 185 Cal. 285, 288–291 [197 Pac. 105]. The question of the application of the relaxed interpretation of the rule seems definitely concluded by the finding of the trial court that there was a substantial performance of the contract in this case.

Having reached this conclusion, we deem it unnecessary to discuss other features of the transaction which tend to support the conclusions and judgment of the trial court, further than to say that the authorities appear to support the respondents in their assertion that the settling of the walls and the deflection in the second floor, after possession of the structure was delivered to the owners, could not be held as a liability against the contractor. (See *Miller & Sons Co.* v. *Homeopathic etc. Hospital*, 243 Pa. St. 502 [90 Atl. 394]; *Portable Elevator Mfg. Co.* v. *Dutton*, 224 Ill. App. 123; *United States* v. *Spearin*, 248 U. S. 132 [39 Sup. Ct. 59, 63 L. Ed. 166]; *McConnell* v. *Corona City Water Co.*, 149 Cal. 60 [85 Pac. 929, 8 L. R. A. (N. S.) 1171].)

The contractor Zimmer being found not liable for the claim for damages presented by the plaintiffs, the defendant Fidelity & Deposit Company of Maryland, being merely the surety upon the contractor's bond, cannot be held liable. The condition of its obligation is that if the contractor shall faithfully perform the work contracted to be done under the contract, the obligation shall be void. The findings of the trial court and the judgment exempted the contractor from liability, which released the surety from the claim of damages asserted by the plaintiffs.

The judgment is affirmed.

Shenk, J., Thompson, J., Preston, J., Seawell, J., Curtis, J., and Langdon, J., concurred.