rupt some months earlier. A discussion then ensued as to the bankrupt's current condition. Warshaw stated that the bankrupt at the end of November had $4,000 cash in bank, receivables of $16,000, and total assets of $35,000; that its liabilities were only $10,000. The credit manager took down these figures on a Dun report that lay before him. He relied on the figures given him, and the goods were sold to the bankrupt on credit. In truth the bankrupt's financial condition at the time was wholly at odds with Warshaw's representations. It had cash in bank of $367, receivables of $13,000, total assets of $24,000. The actual liabilities were $32,000. Instead of a net worth of $25,000 there was a substantial deficit.

A reading of the record indicates that the referee's findings have ample support in the evidence. It is not easy to see how he could have arrived at any other findings. The case then is one where the claimant was induced to sell property to the bankrupt on credit by reliance on representations that were materially false. Such a sale may be rescinded and the property parted with may be reclaimed from the trustee in bankruptcy. In re New York Commercial Co., 228 F. 120 (C.C.A.2); In re Weissman, 19 F.(2d) 769, 53 A.L.R. 644 (C.C.A.2).

The sale having been brought about by false statements concerning the bankrupt's financial condition, it is not necessary to determine whether the bankrupt had no intention of paying for the goods. The referee's ruling in favor of the claimant was right and will be confirmed.

Samuel H. Ellner, of New York City (Charles Seligson, of New York City, of counsel), for claimant.

Samuel Newfield, of New York City, for trustee.

I. Arnold Ross, of New York City, trustee.

COXE, District Judge.

It is entirely clear from the record in this case that the claimant was a "traveling or city salesman" within the language of Bankr.Act, § 64b (5), as amended, 11 U.S.C.A. § 104 (b) (5). In re Dexter (C.C.A.) 158 F. 788; In re National Marble & Granite Co. (D.C.) 206 F. 185. And the mere fact that he did not devote his entire time to the bankrupt does not destroy his right to priority. In re Shapiro (D.C.) 300 F. 566. Neither was he a separate "contractor" as that term is generally understood. In re Rose, 1 A.B.R. 68; Matter of Moore, 45 A.B.R. 388.

The petition to review is sustained, and the claim granted priority.

## In re COLLIN.

### Claim of KNAUTH.

District Court, S. D. New York.
March 20, 1937.

## BENCE v. UNITED STATES.

### No. 42911.

Court of Claims.
April 5, 1937.

