## In re MEN'S CLOTHING CODE AUTHORITY.

No. 62559.

District Court, S. D. New York.

March 22, 1937.

Henry M. Orenstein, of New York City, for bankrupt.

HULBERT, District Judge.

Shortly after the enactment of the National Industrial Recovery Act, June 16, 1933, 48 Stat. 195, 15 U.S.C.A. § 701 et seq., the Men's Clothing Code Authority, an unincorporated association, was formed for the purpose of administering the affairs of said industry thereunder and when the statute was declared unconstitutional (A.L.A. Schechter Poultry Corp. et al. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947) a petition in bankruptcy was filed to wind up the said Authority.

The Trustee of the bankrupt seeks to review two orders by the Referee in Bankruptcy dated December 29, 1936 and January 4, 1937, respectively. The first mentioned order affects the claim of 9 employees and the second order affects 86.

The Referee found an agreement between the bankrupt and its employees that each of them would be entitled at a future time to vacations amounting in time to one day for each month of service for the bankrupt up to a maximum of two weeks and that upon discharge of any employee, if not given two weeks' notice in case he had been employed more than six months at the time of his discharge, he would at the time of his discharge be given an extra week's pay, and if he had been employed more than six months at the time of his discharge, if not given two weeks' notice, he would be given two weeks' extra pay.

The Referee held that the claim for the equivalent in cash of the vacation to which

each employee was entitled was a general and not a priority claim but that the compensation in lieu of notice, above referred to, was a priority claim.

■ With the latter conclusion I am in *full accord, although not with the reason given therefor;* that difference, however, is immaterial.

■ It is my opinion the equivalent in cash of the vacation days to which each of the respective employees of the bankrupt became *entitled within four months of adjudication* are entitled to priority. In other words, all such employees are entitled to a *priority claim to the extent of their proportionate compensation for three days and a general claim for the balance.* The orders will be modified accordingly and as so modified affirmed. Settle order.