### In re MAGAZINE ASSOCIATES, Inc.

District Court, S. D. New York.

Feb. 16, 1942.

Joseph M. Cohen, of New York City, for debtor.

Garey & Garey, of New York City (Lester E. Kabacoff, of New York City, of counsel), for claimant William A. Reuben.

584

BRIGHT, District Judge.

William A. Reuben, a creditor of the above bankrupt, who has filed a claim for $549.76, petitions to review an order of the referee which reduced the claim to $473.76 and held that he was not entitled to priority under Section 64, sub. a(2), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2).

Claimant was a salesman of the bankrupt and procured advertising from Schenley Distillers for publication in Scribner's Magazine. The contract for such advertising was approved by the bankrupt on February 10, 1939, and provided for the publication of the advertisement in the February, March, April and May, 1939, issues, and the advertisement was so published. The February issue of the magazine was on the newsstands in January, and that situation also held for each subsequent month, the actual publication being in the preceding month of the four stated. The net amounts received by the bankrupt for the four publications after deducting 15% paid to Lord & Thomas and 2% for cash are $1,249.50 for February (billed January 19, 1939), $1,218.27 for March (billed February 17, 1939), $1,340.-10 for April (billed March 17, 1939), and $1,218.27 for May (billed April 21, 1939).

The referee has found that claimant is entitled to a 10% commission on the February bill, and an 8½% commission on the other three months and I am not inclined to disturb his findings of those facts.

Claimant claims priority as to those commissions "earned" within three months before the date of the commencement of this proceeding, which was on May 26, 1939.

It is not disputed that the contract procured by claimant was accepted by the bankrupt on February 10, 1939. That contract provided that it could be discontinued or cancelled at any time by paying for the space used.

It is also undisputed that claimant was not to be paid his commissions until the 10th of the month following actual publication. In view of the right of the advertiser to cancel I think that the commission was not earned until actual publication or use of the space. In re National Marble & Granite Co., D.C., 206 F. 185. Assuming that the date when the bill was sent to the advertiser was the date of publication, the following result is arrived at:

| | | |
|---|---|---|
| Amount conceded due claimant on National Distillers advertisement | | $ 30.00 |
| 10% on February publication billed January 19, 1939, net of $1,249.50 | | 124.95 |
| 8½% on March publication billed February 17, 1939, net of $1,218.27 | | 103.55 |
| Total earned before three months period | | $258.50 |
| 8½% on April publication billed March 17, 1939, net of $1,340.10.. | $113.91 | |
| 8½% on May publication billed April 21, 1939, net of $1,218.27...... | 103.55 | 217.46 |
| Total claim | | $475.96 |

Of this amount $217.46 is entitled to priority under Section 64, sub. a(2). Settle order on notice.