In re KINNEY ALUMINUM CO.
No. 44950.

District Court, S. D. California, C. D.
June 22, 1948.

566

MATHES, District Judge.

This proceeding is upon petition of the trustee in bankruptcy for review of the referee's order of February 18, 1948, directing that claims filed by sixty-five former employees of the bankrupt for pay in lieu of annual vacation with pay be accorded priority pursuant to § 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104 sub. a(2).

At the time of filing of the petition in bankruptcy on May 5, 1947, there was in force a collective bargaining agreement between the bankrupt and the United Steelworkers of America, CIO, on behalf of Local Union 2018, dated June 24, 1946,. which provided:

"Section X—Vacations

Each employee, who from the time of hire, has been continuously in the employ of the Company for one (1) year, and who during that time has worked at least sixteen hundred (1600) straight time hours, shall be entitled to one (1) week's vacation with pay. Each employee, who from the time of hire, has been continuously in the employ of the Company for three (3) years, and who during the year preceding his vacation period, has worked at least sixteen hundred (1600) straight time hours,. shall be entitled to two (2) week's vacation with pay.

*"Only those individuals who are on the payroll during the regularly established vacation period are entitled to vacations. Vacation period shall begin May 1, ending October 31, inclusive.*

*"If an employee is eligible for vacation as provided for in this section, and the employee's services are terminated by the Company, said employee shall receive at the time of termination of service, the actual amount of vacation pay due him as provided for in this section.*

"Continuous service shall be determined by the employee's first employment in the plant of the Company, and in accordance with the provisions for determination of continuous service as set forth in the Seniority Section of the Agreement.

Gallagher, Margolis, McTernan & Tyre and Edward M. Belasco, all of Los Angeles Cal., for claimants.

Craig, Weller & Laugharn and Macdonald & Pettit, all of Los Angeles, Cal., for trustee.

"Time lost due to sickness or injury shall be included in the computation of hours worked.

*"It is agreed that the intention of this section is to provide vacations to eligible employees who have been continuously employed.*

"Vacation time will be granted to eligible employees on the basis of the average weekly hours worked by the plant during the four (4) months preceding the vacation period, but not less than forty (40) hours per week. Vacation pay will be computed on the following basis: Vacation hours granted multiplied by the employee's then base rate of pay, ·plus the vacation hours granted multiplied by seven and one-half (7-½) cents per hour bonus." (Italics added.)

Some of the claimants here were laid off by the bankrupt on April 8 and 9, 1947, due to lack of work. The remainder continued on the payroll of the bankrupt until the filing of the petition in bankruptcy on May 5, 1947. All of them—those removed from the payroll prior to May 1st, as well as those removed by bankruptcy on May 5th—filed claims for pay in lieu of vacation, the amounts of which were computed in accordance with the above-quoted provisions of the agreement. It is urged that all these claims are entitled to priority as claims for "wages" under § 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2).

Section 64, sub. a(2) provides that "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of the bankrupt estates, and the order of payment, shall be * * * wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding * * * ."

•The trustee objected to allowance of any priority to such portions of the claims as were not earned "within three months before the date of the commencement of the proceeding." A hearing was had before the referee and the order under review was entered, granting priority in full to all. The trustee's objection was based upon the contention: (a) that it took a full twelve months for an employee to earn any vacation pursuant to the contract of employment, (b) that at most only three-twelfths of the vacation could have been "earned" within the three-months' period provided by § 64, sub. a(2), and (c) that consequently only three-twelfths of the vacation-pay claim is entitled to priority.

■ Validity of the claims for pay in lieu of vacation, as general claims, depends upon what rights, if any, accrued to the claimants under the law of California by virtue of the quoted provisions of the contract of employment. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Right to priority of payment of claims thus found to be valid is governed by § 64 a(2), the construction of which is a matter of federal bankruptcy law, American Surety Co. v. Sampsell, 1946, 327 U.S. 269, 66 S.Ct. 571, 90 L.Ed. 663.

*Employees Not on Payroll May 1, 1947.*

■ The contract of employment requires in substance that, as conditions precedent to eligibility for a vacation with pay, an employee of the bankrupt:

(1) must have been continuously in the employ of the company for at least one year;

(2) must have worked at least sixteen hundred straight time hours during the year; and

(3) must have been "on the payroll during the regularly established vacation period," beginning May 1 and ending October 31.

· Employees laid off prior to May 1, 1947 due to lack of work have not performed the third requirement of the contract—that they be "on the payroll during the regularly established vacation period." Since these lay-offs did not constitute a breach of the contract of employment, there is no occasion to excuse performance of the condition. Cf. Bewick v. Mecham, 1945, 26 Cal.2d 92, 156 P.2d 757, 157 A.L.R. 1277.

It is urged that here is a proper case in which to invoke the doctrine of "substantial performance." That doctrine, frequently

applied to building contracts, is never properly invoked unless the promisee has obtained to all intents and purposes all benefits which he reasonably anticipated receiving under the contract. Haverty Co. v. Jones, 1921, 185 Cal. 285, 197 P. 105; Atowich v. Zimmer, 1933, 218 Cal. 763, 25 P. 2d 6; Connell v. Higgins, 1915, 170 Cal. 541, 150 P. 769; Restatement, Contracts, § 275.

It is not to be assumed that employers grant vacations with pay for the sole purpose of affording additional compensation for services rendered. Generally, the purpose of vacations with pay is to "secure the well being of employees and the continuance of harmonious relations between employer and employee." In re Wil-Low Cafeterias, Inc., 2 Cir., 1940, 111 F.2d 429, 432. Vacations with pay are deemed a proper business expense because annual vacations are expected to refresh employees in mind and body and thus condition them to render continuing efficient service during the following year. The arrangement then contemplates in general a prospective continuance of the relationship.

Such considerations undoubtedly prompted the requirement in the contract at bar: that employees have an active status—be "on the payroll" at a specified time—in order to be entitled to a vacation with pay. This requirement is of material benefit to the employer. So it cannot fairly be said with respect to employees who have performed services over only part of the past year, that the employer has obtained to all intents and purposes all benefits which he reasonably expected to receive in return for his promise of a vacation with pay. No ground exists therefore upon which to invoke the doctrine of "substantial performance."

Since the claimants removed from the bankrupt's payroll due to lack of work on April 8th and 9th—prior to the "regularly established vacation period"—have not met the conditions precedent set forth in the contract of employment, their claims for pay in lieu of vacation are not valid as general claims, a fortiori are not valid as prior claims, against the bankrupt estate.

Employees on Payroll May 1, 1947.

■ As to the claimants removed from the payroll by bankruptcy on May 5, 1947, subsequent to commencement of the vacation period, it is undisputed that they were then eligible for a vacation pursuant to the contract of employment. The contract provides that "if an employee is eligible for vacation * * * and the employee's services are terminated by the company, said employee shall receive at the time of termination of service, the actual amount of vacation pay due him as provided for in this section." Hence these claimants are entitled to receive either one or two weeks' pay in lieu of vacation, depending upon the time each has been "continuously in the employ of the company."

■ The only question which remains for determination then is whether their claims are entitled to priority of payment pursuant to § 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2). "Wages, within the meaning of § 64, sub. a(2), includes vacation pay, or pay in lieu of vacation. In re Wil-Low Cafeterias, Inc., supra, 111 F.2d 429; In re Public Ledger, Inc., 3 Cir., 1947, 161 F.2d 762. Accordingly, the narrow issue to be resolved is whether the "wages * * * have been earned within three months before the date of the commencement of the proceeding * * *." The specific inquiry is whether Congress intended to grant priority to claims for "wages" accruing within three months prior to bankruptcy, even though part of the services were performed before that time, or to limit priority solely to wage claims based upon services rendered during the three-months' period.

■ The purpose of the priority accorded wages is to benefit those not in a position to ascertain the financial status of their employer "who are dependent upon their wages, and who, having lost their employment by bankruptcy, would be in need of such protection." Blessing v. Blanchard, 9 Cir., 1915, 223 F. 35, 37, Ann. Cas. 1916B, 341; In re Lawsam Electric Co., Inc., D.C.S.D.N.Y., 1924, 300 F. 736. There appears no basis in reason or policy to limit the priority to claims for services actually rendered during the three

months, as the trustee urges. To achieve fully the protection intended, the priority granted must extend to the wages which accrue to an employee within the period fixed by the Act.

It is my opinion therefore that § 64, sub. a(2) grants a priority to claims for wages accruing "within three months before the date of the commencement of the proceeding," even though all the services giving rise to the claims were performed prior to that time. Wages are "earned", within the meaning of § 64, sub. a(2), when the right to demand payment accrues. In re Magazine Associates, Inc., D.C.S.D.N.Y. 1942, 43 F.Supp. 583; In re B. H. Gladding Co., D.C.R.I.1903, 120 F. 709; cf. In re Ko-Ed Tavern, Inc., 3 Cir., 1942, 129 F.2d 806, 142 A.L.R. 357.

This conclusion is in no way inconsistent with In re Public Ledger, Inc., supra, 161 F.2d 762 and In re Men's Clothing Code Authority, D.C.S.D.N.Y. 1937, 71 F.Supp. 469, relied upon by the trustee. In those cases, the right of the employees to vacation pay accrued from month to month under the contracts involved; and the courts held that each employee was entitled to a prior claim for the wages which accrued during the three-months' period preceding bankruptcy.

Since all conditions precedent to vacation with pay have been satisfied as to the claimants removed from the payroll by bankruptcy on May 5, 1947, their claims accrued on that day—"the time of termination of service * * *", "during the regularly established vacation period"—and so constitute "wages * * * earned within three months before the date of the commencement of the proceeding." It follows that these claimants are entitled to have their claims allowed and paid as priority claims pursuant to § 64, sub. a (2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2).

For the reasons stated, the referee's order of February 18, 1948, will be modified so as to deny either a prior or a general claim for wages in lieu of vacation to those claimants who were laid off due to lack of work prior to May 1, 1947; and as so modified the order will be confirmed.

Counsel for the trustee will submit order accordingly, pursuant to local rule 7 within five days.