**In re ELLIOTT WHOLESALE GROCERY CO.**

No. 50151.

United States District Court
S. D. California, C. D.

July 18, 1951.

Pauline Nightingale, Edward M. Belasco, Leon H. Berger, Los Angeles, Cal., for the petitioner.

Craig, Weller & Laugharn, C. E. H. McDonnell, Los Angeles, Cal., for the trustee.

YANKWICH, District Judge.

The petition to review the Order of the Referee, dated May 17, 1951, denying priority for severance pay due to certain employees of the bankrupt, heretofore heard, argued and submitted, is now decided as follows:

The Order of the Referee dated May 17, 1951, is hereby reversed and the Referee is directed to allow the rejected claims as a preferred claim for wages, as follows:

| | |
|---|---|
| Alec W. Robinson | $74.50 |
| Leo P. Jensen | 74.50 |
| Ronald A. Grell | 84.15 |
| Elbert W. Whitney | 70.50 |
| James F. Bond | 74.50 |
| Mario Pezzati | 68.50 |

#### Comment

An involuntary petition was filed against Elliott Wholesale Grocery Company of Santa Barbara, California on July 21, 1950. An adjudication was made on September 8, 1950. Prior to that time, however, on June 2, 1950, the bankrupt made a general assignment for the benefit of creditors. In the bankruptcy proceedings, six employees, represented by the Division of Law Enforcement, Department of Industrial Relations of the State of California, claimed severance pay. The dis-

charge dates were within the ninety-day period from the date of the general assignment, the earliest date being May 19, 1950. The discharge resulted from the assignment, and not by reason of any misconduct of any of the employees.

In the contract between the bankrupt and the union to which the employees belonged, it was provided: "Except for dishonesty, drinking on the job, or gross insubordination, the employer shall give one week's notice or one week's pay in lieu thereof when discharging or laying off an employee. Employees desiring to quit their job shall give the employer one week's notice." No such notice was given to any of the employees.

A preferred claim status was claimed under the Bankruptcy Act, 11 U.S.C.A. §§ 104, sub. a(2), and 107, sub. b, which recognize all valid state liens and give priority to wages earned within a certain period, and Section 1204 of the Code of Civil Procedure of California, which gives a preferred status to wages earned within ninety days prior to assignment of creditors. The Referee disallowed the claim. He took the view, expressed in his certificate, that the contract provisions for severance pay did not come within the purview of Section 1204 of the California Code of Civil Procedure, which granted priority to "wages and salaries * * * for personal services rendered" within the ninety-day period, because they were "actually provisions for liquidated damages."

The Referee erred in this interpretation. The provision in the contract clearly indicates that the severance pay is in lieu of wages. In effect, it says that the employee shall be entitled to a week's notice of discharge. When such notice is not given, or cannot be given because, as happened here, the employer ceased business when it made the assignment for the benefit of its creditors, the employee is entitled to the week's wages corresponding to the week's notice. See, Gaspar v. United Milk Products of California, 1944, 62 Cal.App.2d 546, 144 P.2d 867. This provision is in line with the policy of the law of California, which assures to the employee immediate payment of wages upon discharge. California Labor Code,

Section 201. Even an employee who quits must receive his wages not later than 72 hours after quitting. If he gives the 72 hours notice, then he is entitled to his wages at the time of the quitting. California Labor Code, Sec. 202.

Provisions of this character, whether they call for wages on discharge without notice, or for payment for earned vacation periods, are generally considered wages,—that is, compensation for services rendered, which, through no fault of the employee, he was not permitted to render. See, In re Dexter, 1 Cir., 1907, 158 F. 788; In re Collin, D.C.N.Y. 1937, 18 F.Supp. 848; In re Herbert Candy Company, D.C.Pa. 1942, 43 F.Supp. 588, which treat the *commissions* paid to traveling salesmen as *wages* entitled to priority under the Bankruptcy Act.

The vacation pay cases are very helpful. As Judge August N. Hand said: "*A vacation with pay is in effect additional wages.* It involves a reasonable arrangement to secure the well being of employees and the continuance of harmonious relations between employer and employee. The consideration for the contract to pay for a week's vacation had been furnished, that is to say, one year's service had been rendered prior to June 1, so that the week's vacation with pay was completely earned and only the time of receiving it was postponed. If the employer had discharged the employee wrongfully after the latter had done the work necessary to earn a vacation he could not be deprived of the benefits due him." (In re Wil-Low Cafeterias, Inc., 2 Cir., 1940, 111 F.2d 429, 432) (Emphasis added.) (And see, Siaskiewicz v. General Electric Co., 2 Cir., 1948, 166 F.2d 463, 465–466; McLaughlin v. Union Switch & Signal Company, 3 Cir., 1948, 166 F.2d 46, 50.)

In Re Public Ledger, 3 Cir., 1947, 161 F.2d 762, 770, in an opinion written by Judge Albert Lee Stephens of this Circuit, "severance pay" is denominated wages. We quote from the opinion: "The claims *under the layoff provision of the contract are for wages.* The provision protects against a sudden, unexpected and unprepared for stoppage of wages. It provides that knowledge of a break in the continuity

of work and the consequent lack of pay shall be given the employee and it is the employer's duty to give it. If he does not give it, the wage continues unaffected for the term of the required notice. Whether the layoff occurs through bankruptcy or any other cause does not affect the validity of this wage requirement. For the lack of a better term, we call this contractual arrangement one for severance pay". (Emphasis added.)

These rulings also find support in the income tax cases which consider severance pay additional compensation. See, 1 Mertens, Law of Federal Income Taxation, 1942, Sec. 8.08; Botchford v. Commissioner, 9 Cir., 1936, 81 F.2d 914, 110 A.L.R. 281; Poorman v. Commissioner, 9 Cir., 1942, 131 F.2d 946; Van Dusen v. Commissioner, 9 Cir., 1948, 166 F.2d 647; and see the writer's opinion in Dasteel v. Rogan, D.C.Cal.1941, 41 F.Supp. 836.

The principles declared in these cases are a realistic approach to the problem. Through collective bargaining, the employee protects himself against sudden dismissal without cause, by requiring a definite notice. In the case before us, the minimum notice is one week. When the employer *does not give* the notice, either through voluntary choice or by force of circumstances, he is required to pay a week's wages. The wages are compensation *for the week*. The right to it is guaranteed in the contract. But the right to receive it is postponed to the time when the notice was due and was not given.

So the severance pay is not earned, as the Trustee argues, at the time the contract of employment is entered into, but at the time the week's notice is due. In effect, through the contract, the employer says to the employee, "If I discharge you without cause, I shall give you a week's notice. If I choose not to give you the notice, or circumstances, such as my going out of business, prevent me from giving it to you, I shall pay you the week's wages."

So the payments claimed here are for wages earned for the week. And the Referee was wrong in denying them preferred status.