[Civ. No. 6443.    Fourth Dist.    Oct. 31, 1960.]

1st OLYMPIC CORPORATION (a Corporation), Respondent, v. LEE HAWRYLUK, Appellant.

834

Thomas Whelan and Ray Miller for Appellant.

Rubin, Seltzer & Solomon and Joseph J. Fisch for Respondent.

COUGHLIN, J.—This is an action involving a written contract for the alteration and improvement of a house; an oral agreement for the furnishing of "extras" in connection therewith; and the foreclosure of an incident mechanic's lien. By its amended complaint the plaintiff, as contractor, alleged the execution and performance of a written contract by which the defendant was required to pay it $10,600, and upon which there was an unpaid balance of $4,100; alleged the furnishing of "extras" of the reasonable value of $1,120; and also alleged the filing of a mechanic's lien for the total unpaid sum of $5,220. By her answer, the defendant, as owner of the premises, denied performance of the written contract by the plaintiff; denied that any "extras" were furnished at her request; alleged that the work was not done in a workmanlike manner and that the material furnished was defective; and, by a cross-complaint, sought damages allegedly arising out of the plaintiff's failure to properly perform and also for alleged negligence of the plaintiff which she claims resulted in damage to her property.

The principal issue presented to the trial court for determination was whether the plaintiff had performed its part of the contract in a good and workmanlike manner. Evidence pro and con upon this issue was received by the court. In addition, the trial judge, pursuant to stipulation, viewed the premises where the work had been done.

In due course judgment was entered in favor of the plaintiff in the sum of $4,370, being $850 less than it claimed was due. From this judgment the defendant has appealed, contending that the court failed to find upon material issues presented by the pleadings; that some of the findings made are improper because they are ambiguous and uncertain; that certain findings are not supported by the evidence; that the court erred in allowing for "extras" under the claim of an executed oral contract; and further erred in limiting its consideration of the alleged defects in plaintiff's work to those

outlined in letters between counsel, apparently considered as a stipulation upon the subject.

It is apparent from the record that the basis for the trial court's decision was its conclusion that the plaintiff had substantially although not fully performed the contract, and that defendant could be compensated for plaintiff's failure to fully perform by the allowance of an $850 offset. As a consequence, judgment was rendered in a sum of $850 less than the amount plaintiff would have been entitled to under the contract and for the "extras" furnished if there had been full performance.

The objections made to the findings are interwoven and will be considered together. Objections to alleged errors with respect to the judgment for "extras" and limiting a consideration of the defects to those mentioned in the letters heretofore noted, will be considered separately. Primarily, however, the general principles of law applicable under such circumstances should be considered. It is now the settled rule, especially in cases of building contracts, that "if there has been a substantial performance thereof by the contractor in good faith, where the failure to make full performance can be compensated in damages to be deducted from the price or allowed as a counterclaim, and the omissions and deviations were not willful or fraudulent and do not substantially affect the usefulness of the building for the purposes for which it was intended, the contractor may, in an action upon the contract, recover the amount unpaid of his contract price, less the amount allowed as damages for the failure in strict performance." (*Thomas Haverty Co.* v. *Jones,* 185 Cal. 285, 289 [197 P. 105]; *Atowich* v. *Zimmer,* 218 Cal. 763, 768 [25 P.2d 6]; *Punton* v. *Sapp Bros. Const. Co.,* 143 Cal.App.2d 696, 700 [300 P.2d 271].) What constitutes substantial performance "is usually a question to be determined in each case with reference to the existing facts and circumstances." (*Connell* v. *Higgins,* 170 Cal. 541, 556 [150 P. 769]; *Pacific Allied* v. *Century Steel Products, Inc.,* 162 Cal.App.2d 70, 77 [327 P.2d 547].)

In the case at bar the trial court found that the "work performed by the plaintiff pursuant to said contract, was in substantial compliance with the terms of said contract and the plans and specifications referred to therein." There is substantial although conflicting evidence in the record which supports this finding.

"When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the

power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact." (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231].)

An application of the foregoing rule to the record evidence in this case disposes of defendant's contention respecting the insufficiency of the evidence to sustain the aforesaid finding. Moreover, in arriving at a decision herein the trial judge was entitled to consider what he saw when he visited the premises. (*Gates* v. *McKinnon*, 18 Cal.2d 179, 183 [114 P.2d 576]; *Hicks* v. *Whelan Drug Co.*, 131 Cal.App.2d 110, 115 [280 P.2d 104]; *Rowland* v. *City of Pomona*, 82 Cal. App.2d 622, 624 [186 P.2d 447].) A record of what he saw has not been made a part of the transcript on appeal and, under established principles, an appellate court must assume that the evidence acquired by such a view is sufficient to sustain the finding in question. (*Estate of Sullivan*, 86 Cal.App.2d 890, 895 [195 P.2d 894]; *Ng* v. *Warren*, 79 Cal. App.2d 54, 57 [179 P.2d 41].)

The defendant points to other findings; concludes that they are uncertain and contradictory; and contends their insufficiency affects the judgment, and requires its reversal. Particular stress is placed upon a finding that "*most* of the work performed by plaintiff pursuant to said contract and in furnishing said extras to defendant was done in a good and workmanlike manner." (Emphasis added.) It is urged that the term "most" is indefinite and renders the finding uncertain. On the other hand, as heretofore noted, the court found that the work performed by the plaintiff was in substantial compliance with the contract. The defendant claims that the latter finding is in the nature of an omnibus finding and is ineffective for any purpose, citing *Maulhardt* v. *California Director of Public Works*, 168 Cal.App.2d 723, 730 [336 P.2d 631]. This contention is without merit. The court also found as true the allegations in plaintiff's complaint that it had performed all of its obligations under the contract. Proof of substantial performance sustains an allegation of full performance. (*Shell* v. *Schmidt*, 164 Cal.App.2d 350, 356 [330 P.2d 817]; *Punton* v. *Sapp Bros. Const. Co.*, 143 Cal.App.2d 696, 700 [300 P.2d 271]; *J. Musto etc. Co.* v. *Pacific States Corp.*, 48 Cal.App. 452, 458 [192 P. 138].) Although repetitious, there is no inconsistency between the finding of sub-

stantial performance and the finding that *most* of the work performed by the plaintiff was done in a good and workmanlike manner. The use of the term "most," by itself, is not sufficiently precise, but when considered with the other findings, is not uncertain. Even though repetitious and lacking precision in the one instance, nevertheless, when considered as a whole the findings adequately express the decision of the court that the plaintiff substantially performed the contract. The intention to so find is made manifest when the written opinion of the trial judge is considered. It is there stated that:

"From all of the evidence, including the Court's inspection of the premises, it is found that certain defects did and still do exist in the work performed by the plaintiff.

". . . defendant is entitled to some offset because of faulty workmanship, and without detailing the defects or the reasonable value to repair them, they are considered in a final judgment to be awarded to plaintiff."

Although the opinion of the trial judge may not be used to impeach, modify or add to his findings (*Strudthoff* v. *Yates,* 28 Cal.2d 602, 615 [170 P.2d 873] ; *Goldner* v. *Spencer,* 163 Cal. 317, 320 [125 P. 347] ; *Haynes* v. *Buckley,* 165 Cal. App.2d 96, 101 [331 P.2d 693] ; *Oldis* v. *La Societe Francaise,* 130 Cal.App.2d 461, 473 [279 P.2d 184] ), it may be considered for the purpose of discovering the process by which he arrived at his conclusion (*Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal.2d 740, 750 [47 P.2d 273] ), and as an aid in interpreting these findings where interpretation is necessary. (*Moore* v. *Ojai Improvement Co.,* 152 Cal.App.2d 124, 128 [313 P.2d 47] ; *Arvin-Kern Co.* v. *B. J. Service, Inc.,* 178 Cal.App.2d 783, 793 [3 Cal.Rptr. 238].) Considering the whole record, it is clear that the court decided the principal issue in controversy, i.e., that of performance of the contract, by deciding that the plaintiff had substantially performed.

In accord with the general rule respecting substantial performance, the court also decided that the plaintiff should not recover the full measure of the contract price. In this regard it found that the defendant was indebted to the plaintiff in the sum of $4,370 as the balance due under the contract and for the "extras" furnished. This was $850 less than the amount prayed for, i.e., $5,220. The court also found that the reasonable value of that portion of the "work and construction and said extras for which plaintiff has not been paid" is the sum of $4,370. The written opinion of the trial judge, after declaring that "defendant is entitled to some offset because

of faulty workmanship," concluded with the following statement:

"Judgment, therefore, will be for plaintiff against the defendant in the sum of $4,370.00.

"Plaintiff's counsel is requested to prepare findings of fact and conclusions of law consistent herewith."

When the aforesaid findings are viewed in the light of the foregoing statements, it is apparent that the court intended to allow the difference between the amount awarded plaintiff and the amount claimed by it as an offset in favor of the defendant.

The defendant contends that the court should have found separately as respects the amount due on the written contract and the amount due for "extras," and also should have found specifically as to the defective items and the cost for repairing each.

"As to the principles governing appellate courts in considering the adequacy of findings to dispose of issues and support a judgment it is a general rule that 'Even though a finding might have been more clearly phrased, it is sufficient if its language is clear enough to indicate what the court intended; and if there are findings sufficient to support the judgment, they are not vitiated by the unintelligibility of others. Any uncertainty in the findings will be construed so as to support the judgment rather than to defeat it.' '' (*Richter* v. *Walker,* 36 Cal.2d 634, 639 [226 P.2d 593].)

Following the aforesaid rules, we conclude that defendant's objections to the findings in question are without merit.

The defendant also claims that the findings as to the amount unpaid from her to the plaintiff are inconsistent with the general finding that "it is untrue that plaintiff caused damage to the defendant in the sum of $2,000.00 or the sum of $10,000.00 or any other sums whatsoever." The $2,000 item of damage referred to an allegation in defendant's cross-complaint alleging that, through the negligence of plaintiff, the defendant's furniture was damaged by a rainstorm during the time the roof was removed. The court found that plaintiff was not negligent as alleged. The finding that plaintiff did not cause the damage complained of properly followed. The $10,000 item of damage referred to the allegations in defendant's cross-complaint that she would be "forced" to spend that sum "to correct the defects caused by the defective workmanship and materials used and furnished by the plaintiff" in

doing the work in question. Insofar as this finding determined that the defendant was not damaged to the extent of $850, it is in conflict with the other findings of the court. However, this conflict is not detrimental to the defendant. The judgment allows her an offset of $850 even though the questioned finding declares that she was not damaged in that or any amount. The error complained of is academic; is not prejudicial to the defendant; and, consequently, is not ground for reversal.

The contention that the evidence does not sustain the finding respecting the amount due plaintiff under the contract and for the "extras" furnished, and declaring untrue the allegations that the plaintiff negligently performed the contract, is without merit. There is substantial evidence in support of the trial court's determination and, under the rules on appeal heretofore referred to, the findings in accord therewith are final. There is no dispute that the contract price was $10,600; that plaintiff paid $6,500; and that $4,100 remained unpaid. As to the "extras," the testimony would have supported a finding that the reasonable value thereof exceeded $1,500. However, plaintiff conceded that the amount claimed as alleged in its complaint was limited to $1,120. The total amount which plaintiff claimed was payable to it under both the contract and for extras was $5,220. The court found that it was entitled to $4,370. As heretofore noted, the $850 difference is an offset allowed the defendant pursuant to the rule of law which, under certain conditions, authorizes recovery for the substantial performance of a building contract "where the failure to make full performance can be compensated in damages to be deducted from the price. . . .)" (*Thomas Haverty Co.* v. *Jones, supra,* 185 Cal. 285, 289 [197 P. 105].)

The finding that "it is untrue that plaintiff negligently performed said contract" is directed to defendant's allegation that the furniture in her residence was damaged as a result of plaintiff's negligent performance of the contract. The evidence fully supports the conclusion that plaintiff acted as a reasonably prudent person under the circumstances. The issue presented was one of fact and not of law. The defendant's objection to the sufficiency of the evidence to sustain this finding is not well taken. In addition, the court found that any damage to defendant's furniture was caused by her failure and neglect to make provision for its protection.

As to the matter of "extras," the court found that they were furnished pursuant to an oral agreement between plaintiff and defendant which was fully executed by plaintiff, and

provided for payment of the reasonable value thereof by defendant. The court also found that the defendant was present when the ''extras'' were installed; received the benefit thereof; and would be unjustly enriched if not required to pay therefor. It is contended that these findings are not supported by the evidence, but a review of the record and an application of the rules on appeal already considered, disprove this contention.

The written contract provided that the defendant should not be charged for ''extras'' unless ordered in writing. Upon this basis defendant contends that recovery for the ''extras'' furnished by plaintiff is barred. The provision in a building contract that an owner may be charged only for ''extras'' which are ordered in writing may be waived (*C. F. Bolster Co.* v. *J. C. Boespflug etc. Co.*, 167 Cal.App.2d 143, 153 [334 P.2d 247] ; *Frank T. Hickey, Inc.* v. *Los Angeles J. C. Council*, 128 Cal.App.2d 676, 682 [276 P.2d 52] ; *Wyman* v. *Hooker*, 2 Cal.App. 36, 41 [83 P. 79] ), or modified by an executed oral agreement. (*Miller* v. *Brown*, 136 Cal.App.2d 763, 775 [289 P.2d 572] ; *Nuttman* v. *Chais*, 101 Cal.App.2d 476, 478 [225 P.2d 660] ; *cf. D. L. Godbey & Sons Const. Co.* v. *Deane*, 39 Cal.2d 429, 433 [246 P.2d 946].) As a consequence, recovery by the contractor for the reasonable value of ''extras'' has been upheld where they have been furnished at the request of the owner, became a part of the construction work generally described in the building contract, and are accepted by him, even though the request therefor was oral and the building contract provided that he should be chargeable only for such ''extras'' as were requested in writing. (*Ibid.*)

The findings in the case at bar support recovery for the ''extras'' furnished by plaintiff on each of the foregoing legal theories. The evidence satisfactorily establishes that the defendant requested the plaintiff to furnish these ''extras,'' agreed to pay for them and has retained them as a part of the premises which she now occupies.

The final contention for determination is whether the court properly restricted its consideration of the alleged defects in plaintiff's work to those set forth in a list which was the subject of correspondence between counsel prior to trial. During the trial the plaintiff objected to the admission of evidence respecting defects which were not included within this list, urging that the correspondence relating thereto constituted a stipulation limiting the issues in this regard. The court overruled this objection. Thereafter a motion to strike

the evidence of any defects other than those contained in the subject list was denied. However, in his written opinion the trial judge declared that a "fair construction of the correspondence would require a holding" that defendant's claim with respect to defects would be limited to those set forth in the aforesaid list. The gist of this correspondence, without detailing the contents thereof in full, supports the conclusion of the trial court. The final letter from defendant's attorney with respect to the subject, states: "I am prepared to stipulate that the defects set forth" in the list "will be defects concerning which we will offer proof at the trial, and that other than that there will be no claim to defects, . . ." We find no error in the conduct of the trial judge.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.